### DEDERICK v. NORTH AMERICAN CO. et al.

District Court, S. D. New York.
March 10, 1942.

354

Louis Braun, of New York City, for plaintiff.

Sullivan & Cromwell, of New York City (Charles S. Hamilton, of New York City, of counsel), for defendant North American Co.

Schenker & Schenker, of New York City (David Schenker, of New York City, of counsel), for defendant North American Light & Power Co.

BRIGHT, District Judge.

The motion by the defendant, The North American Company, to dismiss this derivative action by a preferred and common stockholder of the defendant North American Light & Power Company, or for summary judgment, upon the ground that the complaint does not properly aver compliance with, and does not allege facts required by, Rule 23 (b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is denied.

■ The complaint substantially complies with Rule 23 (b). It alleges that plaintiff is a stockholder and was such at the time the acts complained of were committed or threatened. It appears as a fact that plaintiff has been a stockholder since August 8, 1940. Many of the allegations of the complaint are of actions and proceedings by The North American Company prior to that date, but those allegations may be taken merely as establishing a background against which the actions and proceedings done or threatened since plaintiff became a stockholder may be judged. I do not intend to hold that whatever, if anything, may have been done wrongfully by the moving defendant prior to the date when plaintiff became a stockholder, may be remedied in this action.

■ There is likewise, in my opinion, a substantial compliance with the last sentence of Rule 23 (b), in alleging in substance that no demand has been made upon the defendant North American Light & Power Company to prosecute this action because its Board of Directors and all of its actions and proceedings are dominated by the defendant The North American Company, which is the parent corporation. The defendant North American Light & Power Company admits in its answer that its Board of Directors are the nominees of The North American Company. The North American Company does not deny any of the allegations of the complaint insofar as the question of domination and control is concerned, and fails entirely to deny the statements set forth in the opposing affidavit claimed to have been made by it in a document filed by it with the Securities & Exchange Commission in 1935, in which it stated that since January 1933 the personnel of the management of North American Light & Power Company has been subject to the approval of The North American Company, which statement was reiterated by the United States Circuit Court of Appeals for the Second Circuit in the action of Murphy v. North American Light & Power Company, 2 Cir., 106 F.2d 74–76, and again in a report by the moving defendant to the Securities & Exchange Commission in 1941. Such status is not controverted by the desire, so recently inspired, of the defendant North American Light & Power Company, to control this litigation, and with which I am not in sympathy. Its present attorney admits that he has been retained to vigorously prosecute the interest of the Light & Power Company in respect of its senior securities held by The North American Company, both before the Securities & Exchange Commission, and in any other tribunal which might have jurisdiction, and the answer verified

by him (and strangely not by any officer of the Light & Power Company) admits many of the material allegations of the complaint relating to domination and control, the failure of The North American Company in the past to live up to its obligations with the North American Light & Power Company, and its wrongdoing in that respect, the acquisition by The North American Company of many of the preferred issues of the Light & Power Company at less than par, and at a time when it was a majority stockholder of the Light & Power Company, and that the minority stockholders of Light & Power Company may sustain damage unless some action or proceeding is taken in respect of the matters alleged in the complaint.