**SALE v. PITTSBURGH STEEL CO. et al.**
Civil Action No. 2932.

District Court, W. D. Pennsylvania.
Oct. 20, 1944.

Walker & Newman, of Pittsburgh, Pa., for plaintiffs.

H. Eastman Hackney, R. W. Pomeroy, Jr., John D. McIntyre, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendants H. Bacon Collamore, J. Milton Hughes, Harold F. Reindel, Harry A. Roemer, W. H. Rowe, Jr., and N. Vance Harper.

Earl F. Reed and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., for defendants Penn'a Industries, Inc., and Hillman Gas & Coal Co.

Alter, Wright & Barron, of Pittsburgh, Pa., for defendant Frank F. Brooks.

George B. Berger, of Pittsburgh, Pa., for defendant Geo. P. Rhodes.

SCHOONMAKER, District Judge.

This is an action by plaintiff, a citizen of New York, and also a stockholder of Pittsburgh Steel Company, against that Company and other defendants named, in which plaintiff asks for an injunction restraining defendants: (1) From entering into any further contracts or transactions with any corporation or companies owned or controlled by defendant J. H. Hillman, Jr.; and (2) enjoining such officers and directors of Pittsburgh Steel Company as are interested in other companies which compete with, or which have contracts, dealings or transactions with defendant Pittsburgh Steel Company, from continuing to act as such officers and directors. The plaintiff further asks the court to rescind and set aside: (1) An exchange of stock of Pittsburgh Steel Company for stock of National Supply Company; (2) to set aside and rescind contracts of August 14, 1940, wherein Pittsburgh Steel Company advanced to Hillman Coal & Coke Company approximately $369,750, and to direct the repayment of that sum to Pittsburgh Steel Company; (3) to cancel and set aside all management contracts entered into by Pittsburgh Steel Company, and any of defendant companies providing for the management of the mining operations of Pittsburgh Steel Company; and (4) for other relief not necessary to mention.

The various defendants made motions to dismiss the complaint under the provisions of Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which we will now consider.

Among the motions to dismiss were those filed by defendants Henry J. Miller, Frank F. Brooks, Charles E. Beeson, W. Edgar Reed, S. N. Hutchison, Jr., Theodore W. Friend, Joseph H. Carter, Albion Bindley, John U. Anderson, and W. G. Sutherland. At argument, their counsel did not press these motions, and they will be denied.

The motions to dismiss as to defendants W. Vance Harper, W. H. Rowe, Jr., H. Bacon Collamore, and Harold F. Reindel, on account of improper venue, were admitted by plaintiff's counsel to be valid. An order will be made granting these motions.

The plaintiff is resisting the motions to dismiss of J. Milton Hughes and Henry A. Roemer, residents of Ohio, who were served with process in this District. Plaintiff contends that this court has jurisdiction over these defendants by virtue of the provisions of Section 51 of the Judicial Code, 28 U.S.C.A. § 112, the pertinent part of which reads as follows:

"* * * but where the jurisdiction is founded only on the fact that where the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

In our opinion, this statute does not support plaintiff's contention. Plaintiff's right to sue is limited by this statute to districts where the corporation might have sued the defendants. The Pittsburgh Steel Company could not have sued all the defendants in the United States District Court of this District, because some of the defendants are residents of this District, and the requisite diversity of citizenship would be lacking as to those who are residents of

this District. It is plain that all the defendants must be non-residents in order to satisfy the requirement of diversity of citizenship. See Camp v. Gress, 250 U.S. 308, 314, 39 S.Ct. 478, 63 L.Ed. 997. We therefore conclude that the motions of defendants Hughes and Roemer must be granted.

Defendants Hillman Gas Coal Company, Hillman Coal & Coke Company, Pittsburgh Coke & Iron Company, J. H. Hillman & Sons Company, Emerald Coal & Coke Company, J. H. Hillman, Jr., Richard M. Marshall, W. L. Affelder, and D. G. Sisterson, filed a motion to dismiss this action. In this motion they assign four reasons for the granting of the motion; but on argument they pressed only the fourth reason, which is as follows:

"4. The complaint fails to aver, as required by Rule 23(b) of the Rules of Civil Procedure, that the plaintiff was a shareholder at the time of the transactions of which she complains or that her shares thereafter devolved on her by operation of law."

This rule provides that plaintiff, in secondary actions by stockholders "shall aver that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law."

The complaint in this case (Par. 9) avers that plaintiff, on or about March 31, 1938, acquired ten shares of preferred stock of Pittsburgh Steel Company; and that in September 1939 she acquired fifty shares of the common stock of that Company; and that she is, and at all times since said date has been, the owner and holder of such stock. That averment, in our judgment, meets the requirement of Rule 23(b).

The conspiracy charged is stated in Paragraph 47 of the complaint, as follows:

"47. J. H. Hillman, Jr., one of within defendants, at the times hereinafter mentioned has conspired and connived with the other defendants within named to utilize the power of their offices as directors and officers of Pittsburgh Steel Company and exercise their control over the business of Pittsburgh Steel Company in such manner as to enable the said J. H. Hillman, Jr. and the aforesaid companies which he controls and controlled as aforesaid, in fraud and derogation of the rights and interests of holders of stock of the Pittsburgh Steel Company, unlawfully to divert and appropriate its assets to and thereby unjustly enrich themselves at the expense of said Pittsburgh Steel Company by means of contracts and transactions between said Pittsburgh Steel Company on the one hand and on the other the said companies controlled by said J. H. Hillman, Jr. as aforesaid, whereunder the said J. H. Hillman, Jr., and the said companies under his control as aforesaid obtained large, inequitable and illegal profits at the expense of Pittsburgh Steel Company and the transactions whereof your orator hereinafter more specifically complains were entered into and consummated pursuant to the aforesaid conspiracy."

These defendants contend that plaintiff has no standing in this court to require defendants to answer the allegations of fraud and misdeeds with respect to the purchase by Pittsburgh Steel Company of Thompson and Tower Hill Mines in 1937, as alleged in Paragraph 50 of the complaint, nor the exchange of pig-iron with Pittsburgh Coke & Iron Company, as alleged in Paragraph 51 of the complaint, for the reason that these transactions occurred before plaintiff became a stockholder of Pittsburgh Steel Company. These defendants therefore urge that the complaint be dismissed unless plaintiff withdraws these two charges.

Plaintiff urges that, even though she has no standing to recover on these two items, they are properly pleaded in this case as a part of the general conspiracy charged. With this view we agree.

While it is well settled that a plaintiff cannot recover on transactions occurring before he became a stockholder (Rinn v. Asbestos Mfg. Co., 7 Cir., 101 F.2d 344), they may nevertheless be pleaded and proved as a part of the general conspiracy charged in the complaint.

In Dederick v. North American Company, D.C., 2 F.R.D. 353, 354, Judge Bright well states the rule applicable to the instant case on page 354:

" * * * Many of the allegations of the complaint are of actions and proceedings by The North American Company prior to that date, but those allegations may be taken merely as establishing a background against which the actions and proceedings done or threatened since plaintiff became a stockholder may be judged. I do not intend to hold that whatever, if anything, may have been done wrongfully by the moving defendant prior to the date

when plaintiff became a stockholder, may be remedied in this action."

See also Perrott v. United States Banking Corporation, D.C., 53 F.Supp. 953; Summers v. Hearst, D.C., 23 F.Supp. 986; Rinn v. Asbestos Mfg. Co., 7 Cir., 101 F.2d 344.

We therefore rule that these defendants' motions to dismiss be denied.

██ As to the motion to dismiss filed by Frank F. Brooks and First National Bank of Pittsburgh, executors of the estate of George T. Ladd, deceased, this motion is the same as that presented by the other defendants, except that this defendant sets forth another reason, i. e., that it appears by the face of the complaint that the plaintiff is barred from maintaining this action by her gross laches.

The complaint alleges that George T. Ladd, now deceased, served as a director of the Pittsburgh Steel Company until October 3, 1943, and that defendants Frank F. Brooks and the First National Bank of Pittsburgh are his executors.

This suit was filed March 15, 1944. The complaint alleges that plaintiff first purchased her share of stock in Pittsburgh Steel Company on March 31, 1938; that on April 8, 1941, she made demand on Pittsburgh Steel Company, its officers and directors, that said Company institute an action for redress of grievances complained of in Paragraphs 48–54 of the complaint; that at the annual meeting of stockholders of that Company on April 8, 1941, she offered a resolution directing the directors of that Company to institute suit for the redress of said grievances, which was defeated.

Counsel for the Ladd estate contend that plaintiff should have brought her action promptly after the rejection on April 8, 1941, of her resolution at the stockholders' meeting, and that because she waited almost three years before bringing it, she is guilty of laches. We cannot so hold, because, as we view the law, the mere delay in bringing suit does not constitute laches. A defendant pleading laches must show, not only that the plaintiff unreasonably delayed bringing his action, but that the defendant was prejudiced by such delay. See Overfield v. Pennroad Corporation, D.C., 42 F. Supp. 586, 612; Ebbert v. Plymouth Oil Company, 338 Pa. 272, 13 A.2d 42.

We therefore rule that the Ladd estate's motion to dismiss should be denied.

Defendant George P. Rhodes, Jr., also filed motion to dismiss in form similar to the motions of other defendants. There was no appearance in his behalf on the arguments of the several motions heretofore discussed. We therefore conclude that Rhodes is either not pressing his motion or relying on the arguments of other counsel for the defendants; and for the reasons above given, his motion to dismiss will be denied.

Orders in accordance with this opinion may be submitted on notice to opposing counsel.