## SCHOEN v. MOUNTAIN PRODUCERS CORPORATION et al.
### Civil Action No. 1037.

District Court, D. Delaware.
Feb. 25, 1948.

On Settlement of Order or Orders
March 6, 1948.

Herbert L. Cobin, of Wilmington, Del., Edgar J. Schoen, of Chicago, Ill., and Louis B. Arnold, of Washington, D.C., for plaintiff.

Hugh M. Morris and S. Samuel Arsht (of Morris, Steel, Nichols & Arsht), both of Wilmington, Del., A. L. Hodson, Weymouth Kirkland, and J. S. Kemper, Jr., of Chicago, Ill., and Donald Campbell, of Tulsa, Okl., for defendant Stanolind Oil & Gas Company.

William S. Potter and James L. Latchum (of Southerland, Berl & Potter), both of Wilmington, Del., for defendants Argo Oil Corporation and Arthur E. Johnson.

Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., for defendants Mountain Producers Corporation and Saltmount Oil Company.

John J. Morris, Jr. (of Hering, Morris, James & Hitchens), of Wilmington, Del., for defendant Harold D. Herndon and D. R. Murphy.

LEAHY, District Judge.

■ 1. Certain individual defendants move to dismiss on the ground of improper venue. Proper venue in the case at bar must be determined by the provisions of § 51 of the Judicial Code, 28 U.S.C.A. § 112.* The general rule has been that to meet the requirement of venue in a diversity case suit must be brought in the District of plaintiff's or defendant's residence. An exception was noted by amending the statute in 1936; it was provided that in a stockholder's derivative action, suit may be had in any district in which the corporation (on whose behalf one of its stockholders brings suit) might have brought the same action against the same defendants. The exception deals with venue and does not change the requirements of diversity for jurisdiction. Plaintiff is of Illinois. One individual defendant, Johnson, for example, is of Colorado. Aside from one corporate defendant of Indiana, the remaining corporate defendants are Delaware corporations. Mountain Producers, for whom plaintiff sues, is also a Delaware corporation. The question has been asked—where is diversity jurisdiction present in this case?

■ On the authority of Malcolm v. MacDonald, D.C. Del., 37 F.Supp 580, it would appear there is no true diversity here. Plaintiff's right to sue is limited by the statute to districts where the harmed corporation might have sued the defendants. Cf. Sale v. Pittsburgh Steel Co., D.C. Pa., 57 F.Supp. 283. See, too, Greenberg v. Giannini, 2 Cir., 140 F.2d 550, 152 A.L.R. 966; King v. Wall & Beaver Street Corporation, 79 App.D.C. 234, 145 F.2d 377. This district is neither the residence of plaintiff nor the individual directors; the venue is improper if Mountain Producers could not have maintained the suit here. Being a Delaware corporation vis-a-vis other Delaware corporations, diversity is lacking.

2. Much argument was devoted to the question whether this district court has discretion to decline jurisdiction under the doctrine of forum non conveniens. The question has great interest for me. I have not found any precedent where a stockholder's derivative action has been commenced in Delaware and later permitted to proceed elsewhere because of forum non conveniens. But, there is no point in engaging in a discussion which, under the present ruling, would be obvious dicta.

An order or orders may be submitted. On Settlement of Order or Orders.

And now motions of individual and corporate defendants to dismiss the complaint for different reasons having been argued; and the Court having filed its opinion on the sufficiency of said motions wherein it appears the motions of individual defendants to dismiss would be granted under § 51 of the Judicial Code, a debatable question was in substance reargued on the settlement of orders as to whether the complaint should be dismissed as to cor-

* The pertinent provisions are: " * * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

porate defendants as well. This particular question of interpretation of § 51 is a nice one; and it is so close, as implied in the Court's instant opinion, I am not inclined to overrule this Court's earlier holding made by Judge Nields in his Malcolm v. MacDonald, D.C. Del., 37 F.Supp. 580. If determination of the posed question by the appellate courts would be delayed—until after long trial and high expense to the present litigants before this nisi prius court—the quick administration of justice which must be preserved would be subverted; accordingly it is ordered:

That the complaint in the suit at bar be, and the same hereby is, dismissed.