### SCHOEN v. MOUNTAIN PRODUCERS CORPORATION et al.

#### No. 9651.

United States Court of Appeals
Third Circuit.

Argued Oct. 7, 1948.

Decided Nov. 9, 1948.

Rehearing Denied Dec. 10, 1948.

Herbert L. Cobin, of Wilmington, Del., and Louis B. Arnold, of Washington, D. C. (Roberts & McInnis, of Washington D. C., and Edgar J. Schoen, of Chicago, Ill., on the brief), for appellant.

William S. Potter and James L. Latchum, both of Wilmington, Del. (John J. Morris, Jr., and Howard L. Williams, both of Wilmington, Del., on the brief), for Johnson, Murphy, Herndon and Argo Oil Corporation.

A. Leslie Hodson, of Chicago, Ill., and Morris, Steel, Nichols & Arsht, of Wilmington, Del. (Hugh M. Morris and S. Samuel Arsht, both of Wilmington, Del., Donald Campbell, of Tulsa, Okl., and Weymouth Kirkland and James S. Kemper, Jr., both of Chicago, Ill., on the brief), for defendant Stanolind Oil & Gas Co.

Before MARIS, McLAUGHLIN and O'CONNELL, Circuit Judges.

MARIS, Circuit Judge.

On May 26, 1947 the plaintiff, Edgar J. Schoen, who is a stockholder in Mountain Producers Corporation and a citizen of Illinois, brought this stockholder's derivative suit on behalf of Mountain Producers Corporation in the United States District Court for the District of Delaware. The suit was brought against Standard Oil Company (Indiana), an Indiana corporation, Stanolind Oil and Gas Company, a Delaware corporation, Saltmount Oil Company, a Delaware corporation, Argo Oil Corporation, a Delaware corporation, D. R. Murphy, a citizen of Colorado, Arthur E. Johnson, a citizen of Colorado, Harold D. Herndon, a citizen of Texas, G. E. Griffith, a citizen of Colorado, W. J. Geddes, a citizen of Colorado, T. A. Dines, a citizen of Colorado, and T. C. Tonkin, a citizen of Wyoming. The plaintiff also joined as a defendant Mountain Producers Corporation, which is a corporation of Delaware. All the defendants were served within the District of Delaware except Standard Oil Company (Indiana), Griffith, Geddes, Dines and Tonkin. These five defendants were not served and have not appeared in the action.

Defendants Johnson, Murphy and Herndon appeared and moved to dismiss the complaint as to them on the ground of improper venue and forum non conveniens. Defendants Stanolind, Argo, Mountain Producers, and Saltmount each appeared and filed motions to dismiss on the ground of forum non conveniens. With leave of the district court defendant Argo subsequently amended its motion to include improper venue as one of the grounds of dismissal. The district court entered a judgment dismissing the complaint as to all the defendants. Its action was based upon its conclusion that the venue was improperly laid and it did not pass upon the question of forum non conveniens. D.C., 76 F.Supp. 554. The present appeal by the plaintiff followed.

The case thus presents the question whether the District of Delaware was an appropriate district under the venue statute in which to bring this stockholder's derivative suit. The proper venue in such cases was determined, at the time the suit was brought,[1] by Section 51 of the Judicial Code of 1911,[2] which, as amended by the Act of April 16, 1936, 49 Stat. 1213, read as follows: "Sec. 51. Civil Suits; Where to be Brought.—Except as provided in the five succeeding sections, no person shall be arrested in one district for trial in another, in any civil action before a district court; and, except as provided in the six succeeding sections, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than

---

[1] On September 1, 1948 Section 51 of the Judicial Code was superseded in this connection by Sections 1391 and 1401 of revised Title 28 U.S.C.A.

[2] 28 U.S.C.A. § 112.

that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

The jurisdiction of the district court in the present case is founded upon diversity of citizenship. Accordingly the general venue provisions of Section 51 relating to diversity cases are applicable. Those provisions are that a diversity suit may be brought either in the district where the plaintiff resides or in the district where the defendant resides. It has been held that when there is more than one defendant the latter means the district in which all the defendants reside.[3] In the present suit the plaintiff resides in Illinois and the defendants do not all reside in Delaware. Accordingly if the venue statute applicable to the ordinary diversity case is to be applied Delaware would not be a proper district in which to bring the present suit against all the defendants who have here been served.

The plaintiff, however, points to the last clause of Section 51, which is applicable only to stockholders' derivative suits, and he says that this clause authorized him to bring this suit in the District of Delaware, that being the district of residence of Mountain Producers, the injured corporation in whose behalf he brought the suit. The provision to which he refers is that "suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation". The crucial question in the case is as to the meaning of this language.

The district court took the view that this clause could be availed of by the plaintiff to provide an additional venue only if the injured corporation itself would have been empowered to bring a suit on the same cause of action in a federal court against the same group of defendants. The court thought, in other words, that in the hypothetical corporate suit to which the clause in question refers there would have to be diversity of citizenship between the hypothetical corporate plaintiff and the defendants before it could be said that such a suit could be brought at all, let alone in any particular district. In so holding it relied upon the decision of the District Court for the Western District of Pennsylvania in Sale v. Pittsburgh Steel Co., 1944, 57 F.Supp. 283. Since in the present case the injured defendant, Mountain Producers, and three of the other defendants, Stanolind, Saltmount and Argo, are residents of the same state, Delaware, the district court pointed out that there would not be diversity of citizenship in the hypothetical corporate suit to which the last clause of Section 51 refers and so concluded that this clause did not support the venue in the present suit. Since, as we have seen, the venue was not supported by the other provisions of Section 51 the court sustained the motions and dismissed the complaint.

The plaintiff strongly urges that in so doing the district court erred. He says, and he has as support the recent decision by the District Court for the Southern District of New York in Saltzman v. Birrell, 1948, 78 F.Supp. 778, that the clause under discussion relates only to venue, that it is wrong to import into it the jurisdictional concept of diversity of citizenship and that it was merely intended, assuming that there was jurisdiction in the hypothetical corporate suit, to designate the district in which the injured corporation resides and the district in which the other defendants all reside as appropriate venue for a stockholder's derivative suit.

The question is one of first impression in the courts of appeals. After mature deliberation we find ourselves in agreement

---

[3] Camp v. Gress, 1919, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997.

with the construction which the district court in the present case placed upon the clause under discussion. In the first place the language of the statute itself is quite clear and unambiguous. It does not say, as would be appropriate if the plaintiff's contention were correct, that a stockholder's derivative suit may in every case be brought in the district in which the injured corporation resides or in the district in which the other defendants reside. What it does say is that the stockholder may bring his suit on behalf of the injured corporation in any district in which suit against the other defendants "might have been brought by such corporation". Whether a corporation may bring a suit in a given district certainly depends just as much upon whether the district court of that district would have jurisdiction of the subject matter as upon whether the district is one in which the venue statute authorizes suit to be brought. If no federal district court in any district would be empowered to entertain the suit it is idle to talk of a particular district in which the

suit might be brought. Moreover under the statutory language we are compelled in any event to consider the question of jurisdiction before we can ascertain the proper venue. For the venue may be one thing if the case is founded on diversity of citizenship and quite another if it is based on some other ground of jurisdiction. It is true, of course, that this construction of the statute imports a jurisdictional element into a statute relating to venue but there is nothing to prevent Congress from drawing a venue statute in such terms and we think that in this instance it did so.

Moreover we find that this construction of the statutory language is supported by the legislative history of the Act of April 16, 1936, 49 Stat. 1213, which added to Section 51 the language here involved. That act originated as Senate Bill 2524 of the 74th Congress. The report of the House Committee on the Judiciary[4] as well as the statement of the sponsor of the bill in the Senate[5] show quite clearly that the bill was designed to correct a particular defect in the federal venue stat-

[4] House Report 2257, 74th Cong., 2d Sess., pp. 1, 2, 3:

"As amended by your committee this proposed legislation relates solely to venue in that class of stockholders' suits brought under the diversity of citizenship jurisdiction of the Federal courts wherein a stockholder of one corporation brings the suit on behalf of the corporation against another corporation incorporated in another State.

"Its purpose is to plug a loophole in judicial procedure through which holding companies and parent corporations are enabled to strip a subsidiary corporation of all its assets to the loss of minority stockholders of the subsidiary corporation without possibility of being brought to account in any court, either Federal or State. Under the existing law with regard to venue, if a holding company and its subsidiary corporation are incorporated in different States, no Federal Court can entertain a stockholders' suit without the consent of both corporations. The State courts are powerless in this situation because their process does not run beyond State boundaries. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

* * * * * *

"Under the amendment to section 51 of the Judicial Code proposed by this bill, the suit would be brought in any district

in which the corporation in whose behalf the suit is brought could have itself brought the suit, and process could be served on such corporation wherever it resides or may be found. For example, if the parent corporation were incorporated in State A, the subsidiary corporation in State B, and plaintiff a resident of State C, the suit could be brought in State A, and process served on the subsidiary corporation in State B."

[5] 79 Cong.Rec. 14529:

"Mr. Tydings * * *

"Mr. President, this bill is occasioned by the fact that where there is a merger, the parent company being in one jurisdiction and the operating company in another jurisdiction, quite frequently the assets of the operating company are siphoned out to the parent company. When the stockholders go into a State court they cannot get jurisdiction because the parent company is in another jurisdiction. When they go into the United States court the jurisdiction is there so circumscribed in certain cases that they cannot get jurisdiction there. The result is that there is no court where they can get all the parties necessary to prove the fraud. The concluding proviso of the bill provides, where a situation of that kind exists, that the court may issue a summons in another jurisdiction, where the parties are indispensable, so that all

712

ute as applied to stockholders' derivative suits. The situation to which the bill was directed was that which appeared when the injured corporation and the wrongdoer were residents of different states. It had long been settled that the injured corporation was an indispensable party defendant in a stockholder's derivative suit.[6] It was, therefore, necessary for the plaintiff stockholder to join the injured corporation and the wrongdoer as defendants in the same suit. But if the stockholder sued in the district of the injured corporation's residence and the wrongdoer resided in a different state: the venue was bad as to the latter and the suit could not be maintained against him over his objection even though the plaintiff may have succeeded in obtaining service upon him. Likewise if the plaintiff brought suit in the state of the wrongdoer's residence and the injured corporation resided elsewhere the venue was bad as to the injured corporation even though service had been obtained upon it. Moreover in such a case the plaintiff could not obtain relief in a state court since the process of a state could not run beyond its boundaries.

Injured stockholders were thus, as the House Committee Report and the debates point out,[7] frequently left without an available legal remedy and those in control of a corporation were consequently often in a position to strip it of assets with virtually complete immunity from suit. It will be seen that the basic fact, the existence of which resulted in the denial of a remedy in these cases, was the diversity of citizenship between the injured corporation and the wrongdoer. The cause of all the difficulty was the fact that these two indispensable parties to the prospective law suit were not residents of the same state. If the injured corporation and the wrongdoer resided in the same state the stockholder who wished to sue them had no difficulty. For if he did not reside in that state he could bring suit against them in a federal district court there, which under the general provisions of Section 51 for diversity cases was in that case a proper venue,[8] or if he resided in the same state as the defendants he could bring suit against them in the appropriate state court of that state. There was thus no likelihood of denial of a judicial remedy in this situation.

As Chief Justice Groner pointed out in King v. Wall & Beaver St. Corp., 1944, 79 U.S.App.D.C. 234, 145 F.2d 377, 380, "The entire legislative history of the statute (Section 51) demonstrates clearly that Congress has been intent upon limiting rather than expanding the venue of civil actions. The amendment of 1936 did extend the limits, but only to meet a specific and pressing need * * *." That need as we have seen was to provide a venue which would enable a stockholder to summon into one and the same court both the injured corporation and the alleged wrongdoer in cases where these two defendants resided in different states. The amendment made by the Act of 1936 met this need by authorizing the stockholder in such a situation to sue both defendants in either of the districts in which the injured corporation might have sued the wrongdoer, that is, in the district of the injured corporation's residence or in that of the wrongdoer's residence. And to make sure that the stockholder's suit would not be defeated by inability to serve both defendants in the same district the amendment further provided that the injured corporation might be served wherever it might be found.[9]

the proceedings may be tried by one court to ascertain whether or not the minority stockholders have been defrauded or not."

[6] City of Davenport v. Dows, 1873, 18 Wall. 626, 85 U.S. 626, 21 L.Ed. 938; Swan Land & Cattle Co. v. Frank, 1893, 148 U.S. 603, 13 S.Ct. 691, 37 L.Ed. 577.

[7] See Footnotes 4 and 5.

[8] If the defendants resided in different districts in the same state suit could be brought in either district under the provisions of Section 52 of the Judicial Code.

See Camp v. Gress, 1919, 250 U.S. 308, 314, 315, 39 S.Ct. 478, 63 L.Ed. 997. This provision has been carried into revised Title 28 U.S.C.A. as § 1392 (a).

[9] This latter provision of Section 51 has been carried into revised Title 28 U.S. C.A. as § 1695. The latter section would seem by the generality of its language to apply to all stockholders' derivative suits, however, and not merely to those brought in a district in which the injured corporation might have brought them, as was

We conclude that in the case of stockholders' derivative suits Section 51, as amended by the Act of 1936 and modified by Section 52, authorized suit to be brought (a) in the district in which the plaintiff stockholder resided, (b) in a district in the State, if any, in which all the defendants including the injured corporation resided, and also, if there was diversity of citizenship between the injured corporation and all the other defendants (c) in the district in which the injured corporation resided or (d) in a district in the State, if any, in which all the other defendants resided.[10] It follows that the district court was right in holding that since diversity of citizenship was lacking between Mountain Producers and all the other defendants the final clause of Section 51 did not authorize the plaintiff to bring this suit in Delaware, the district of Mountain Producers' residence. Accordingly the court's action in dismissing the complaint as to the nonresident defendants Murphy, Johnson and Herndon was right and must be affirmed.

In so holding we do not overlook Section 1406(a) of revised Title 28 U.S.C.A., which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall transfer such case to any district or division in which it could have been brought." That section was not in force on March 6, 1948, however, when the judgment here under review was entered. On that date the nonresident defendants were entitled, under the law as it then stood,[11] to the dismissal of the complaint as to them. Moreover the court then had no power to transfer the case even if it had been asked to do so. On this appeal, however, we are called upon to determine only whether the district court erred, at the time it acted, in dismissing the complaint as to these defendants.[12] For us now to apply the subsequently enacted provisions of Section 1406(a) would involve the retroactive annulment of a judgment validly entered by the district court. This the statute did not and could not do.[13]

The action of the court in dismissing the complaint as to the corporate defendants involves further questions, however. For it is settled that venue is a matter of personal privilege which a defendant may insist upon or waive at his election.[14] It has accordingly been held that a defendant as to whom the venue is proper may not set up for his own benefit the defense that the venue is improper as to one of his codefendants.[15] Therefore, neither Argo, which did set up the defense of improper venue, nor Mountain Producers, Stanolind and Saltmount, which did not do so, were entitled to the dismissal of the complaint as to them. For they did not and could not set up that the court was without jurisdiction but only that their individual codefendants were not residents of Delaware. As to these corporate defendants, however, the venue was proper, since the suit was brought in the district of their residence, and the court, therefore, had jurisdiction of the complaint as to them. The situation would be different, of course, if one of the nonresident defendants had been an indispensable party. But it is not suggested that this was the case. It follows

---

held with respect to the precursive provision of Section 51 in Greenberg v. Giannini, 2 Cir., 1944, 140 F.2d 550, 152 A.L.R. 966.

10 Sections 1391 (a), 1392 (a) and 1401 of revised Title 28 U.S.C.A., carry forward these provisions of Sections 51 and 52 of the old Judicial Code as to venue in stockholders' derivative suits without change. But Section 1391 (c) of revised Title 28 very substantially broadens the venue as to corporate defendants. It provides: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

11 Camp v. Gress, 1919, 250 U.S. 308, 316, 39 S.Ct. 478, 63 L.Ed. 997.

12 McCullough v. Virginia, 1898, 172 U.S. 102, 19 S.Ct. 134, 43 L.Ed. 382.

13 State of Pennsylvania v. Wheeling & Belmont Bridge Co., 1855, 18 How. 421, 59 U.S. 421, 15 L.Ed. 435; Hodges v. Snyder, 1923, 261 U.S. 600, 43 S.Ct. 435, 67 L.Ed. 819.

14 Interior Construction & Imp. Co. v. Gibney, 1895, 160 U.S. 217, 16 S.Ct. 272, 40 L.Ed. 401.

15 Camp v. Gress, 1919, 250 U.S. 308, 316, 39 S.Ct. 478, 63 L.Ed. 997.

that the district court erred in dismissing the complaint as to the corporate defendants on the ground of improper venue.

We come finally to the remaining question. All the defendants moved to dismiss the complaint upon the ground of forum non conveniens and the corporate defendants now urge that the dismissal of the complaint as to them is sustainable upon that ground and should, therefore, be affirmed. We cannot agree. Whatever might have been the situation prior to September 1, 1948, it seems clear that since that date dismissal is not the appropriate remedy in a case to which the doctrine of forum non conveniens is applicable. On the contrary Section 1404 (a) of revised Title 28 U.S.C.A. which went into effect on that date provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the reviser's notes to this subsection indicate, it "was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. * * * The new subsection requires the court to determine that the transfer is necessary for convenience of the parties and witnesses, and further, that it is in the interest of justice to do so."[16]

It will be seen, therefore, that the present procedure is not to dismiss a suit which has been brought in an inconvenient forum but rather to transfer it to another more convenient forum in which it might have been brought originally, if the district court determines that such a transfer is necessary for the convenience of the parties and the witnesses and is in the interest of justice. The stat-

ute thus confides in the district court a wide discretion which it has not as yet exercised in the present case. That discretion is not entrusted to the court of appeals and we are, therefore, not at liberty to make an original determination that the doctrine of forum non conveniens is applicable here. Nor are we in a position to do so since such a determination would depend upon many facts not now of record.

We think, however, that the provisions of Section 1404(a) of revised Title 28 may be applied to the present case. For that subsection is remedial and purely procedural in character. As such it is to be applied to actions pending when it took effect unless Congress expressly provided to the contrary.[17] Here not only was there no such contrary provision but Congress by repealing outright as of September 1, 1948 all the procedural statutes then in force made its intention clear that the procedural provisions which it substituted by the enactment of revised Title 28 were to apply to all actions pending on September 1st as well as to all those commenced thereafter.[18] Of course, as to pending actions these new procedural provisions are applicable only to the extent that they relate to procedural steps which had not been taken in those actions prior to September 1st.[19] Here, however, as we have said, relief upon the ground of forum non conveniens has not as yet been either granted or denied by the district court. Upon the remand of this case, therefore, it may well be appropriate for the district court, in view of the intervening change in the procedural law, to permit these corporate defendants to amend their motions so as to seek a transfer of the action under Section 1404(a) instead of its dismissal and thereupon to give appropri-

[16] House Report No. 308, 80th Cong. 1st Sess. p. A132.

[17] Baltimore & P. Railroad Co. v. Grant, 1878, 98 U.S. 398, 25 L.Ed. 231; McBurney v. Carson, 1878, 99 U.S. 567, 25 L.Ed. 378; Hallowell v. Commons, 1916, 239 U.S. 506, 36 S.Ct. 202, 60 L. Ed. 409; In re Monsen, 7 Cir., 1934, 74 F.2d 411, certiorari denied Mellin v. Monsen, 294 U.S. 729, 55 S.Ct. 639, 79

L.Ed. 1259; Bowles v. Strickland, 5 Cir., 1945, 151 F.2d 419; 50 Am.Jur., Statutes, § 482.

[18] Steamship Co. v. Joliffe, 1864, 2 Wall. 450, 69 U.S. 450, 17 L.Ed. 805; Silurian Oil Co. v. Essley, 10 Cir., 1931, 54 F.2d 43.

[19] National Labor Relations Board v. Whittenberg, 5 Cir., 1947, 165 F.2d 102.

ate consideration to the motions as thus amended.[20]

The judgment will be affirmed as to the defendants D. R. Murphy, Arthur E. Johnson and Harold D. Herndon. As to the defendants Mountain Producers Corporation, Stanolind Oil and Gas Company, Saltmount Oil Company and Argo Oil Corporation it will be reversed and the cause will be remanded to the district court for further proceedings not inconsistent with the opinion of this court.

---

[20] The consideration of these amended motions by the district court would, of course, be had in the light of the rules for the application of the doctrine of forum non conveniens laid down by the Supreme Court in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, and Koster v. Lumbermens Mutual Casualty Co., 1947, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067.