**LAVIN v. LAVIN et al.**

No. 226, Docket 21639.

United States Court of Appeals Second Circuit.

Argued May 4, 1950.

Decided June 2, 1950.

Kraushaar & Kraushaar, New York City, and Meyer Kraushaar, New York City, for appellant.

Leo E. Sherman, New York City, for appellees.

Before L. HAND, Chief Judge, and CHASE and CLARK, Circuit Judges.

L. HAND, Chief Judge.

The plaintiff appeals from a judgment, dismissing his complaint because the district court lacked jurisdiction over the claim. The plaintiff is a shareholder of the defendant, Sanford Hotel Corporation, of which the individual defendants are directors and officers, and the action is based upon a claim that they have abused their fiduciary position in various transactions set out in seven counts, which it is not necessary to state in detail. The corporation was incorporated under the laws of New York, of which the plaintiff is a citizen; and the individual defendants are citizens of Connecticut, who have been served with process in the Southern District of New York. The court dismissed the complaint because the plaintiff and the defendant corporation were both citizens of New York, and the diversity of citizenship requisite to such cases did not exist.[1] The only question involved is whether the judge correctly interpreted § 1401 of the Judicial Code.[2]

We need not deal at length with the plaintiff's suggestion that it is only when the jurisdiction of the federal court will be sustained that in such actions the corporation may not be aligned as a plaintiff. True, so far as we have found that has been the case in all decisions of the Supreme Court, but it was not true in Groel v. United Electric Company, C.C., 132 F. 252, or in Kelly v. Mississippi River Coaling Company, C.C., 175 F. 482, which the Supreme Court cited with apparent approval in Hamer v. New York Railways, 244 U.S. 266, 274, 37 S.Ct. 511, 61 L.Ed. 1125. It may indeed be doubted whether as an original question the Supreme Court

would not today align the corporation as a party plaintiff in all cases;[3] nevertheless it has shown no disposition to change the rule in Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606, but has recognized its continued authority.

We start with § 51[4] of the Judicial Code as it stood after the amendment of 1936, 49 Stat. 1213, which added an exception on which the result here depends, and which was in these words: "suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants * * * other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found." The question is whether this meant more than that, when there was proper diversity of citizenship under existing law, the shareholder might sue, not only in a district where he already might sue, but also in a district where the corporation could have sued the directors. Did it also mean that a shareholder should have access to a federal court, from which the existing law debarred him jurisdictionally, if the corporation would have had access to a federal court in an action against the directors, to which the shareholder was not a party? If the exception be construed as an added ground of jurisdiction, the law is that since 1936, not only may a shareholder sue, as he might before, the directors in the federal court when they and the corporation are citizens of one state or of different states, and he is a citizen of another; but that he may do so, when both he and the corporation are citizens of one state and the directors are citizens of another, or when the corporation is a citizen of one state and the shareholder and the directors are citizens of another, and the same, state. This would mean that, though the citizenship of the shareholder might be a source of "diversity jurisdiction," it could be disregarded, if it would

1. § 1391(a), Title 28 U.S.C.A.

2. § 1401, Title 28 U.S.C.A.

3. Koster v. American Lumbermen's Mu-

tual Casualty Co., 330 U.S. 518, 522, 533, 67 S.Ct. 828, 91 L.Ed. 1067.

4. § 112, Title 28 U.S.C. (1946 ed.), 36 Stat. 1101.

defeat that jurisdiction. Federal jurisdiction would be absent only in cases in which the shareholder and the corporation and one of the directors were all citizens of the same state. It is of course impossible to say à priori that Congress could not have wished to extend this jurisdiction so far, and it is possible to read the words in that way. However, the jurisdiction has in recent years been subject to much attack, particularly as to that feature of it which treats a corporation as a "citizen" of the state of its incorporation; and it appears to us that we ought to approach the question at least without any bias favoring this interpretation.

Be that as it may, when we look at the course through Congress of the amendment, it becomes clear that no such jurisdictional expansion was contemplated. The act originated in the Senate in a bill[5] introduced by Senator Tydings in the form which we quote in the margin,[6] and which it will be observed was not confined to shareholders' actions. It changed the existing law that a "diversity action" must be brought in the district where all the plaintiffs, or all the defendants, reside, and allowed a plaintiff to select the residence of any one defendant, when there are several, and to serve the others where they reside or "may be found." This it coupled with a power in the court to transfer the action as the convenience of parties might demand. Senator Tydings upon the floor stated that the bill was designed for shareholders' actions when the corporation was beyond the reach of process in the district where the suit was brought; and, in spite of its generalized form, it is plain that no notion of any enlargement of jurisdiction was in anyone's mind. When the bill reached the House apparently the language was thought too broad, though the purpose was approved. At any rate the bill which the Judiciary Committee reported, and the House passed, was substantially the same as the amendment when enacted. This was accompanied by a report[7] which stated that "as amended * * * this proposed legislation relates solely to venue in that class of stockholders' suits brought under the diversity of citizenship jurisdiction. * * * Its purpose is to plug a loophole * * * through which holding companies and parent corporations are enabled to strip a subsidiary. * * * Under the existing law with regard to venue, if a holding company and its subsidiary corporation are incorporated in different States, no Federal court can entertain a stockholder's suit without the consent of both corporations. The State courts are powerless." There is not a syllable in this to suggest that the federal courts are to be granted jurisdiction when the shareholder and the corporation are citizens of the same state, any more than when the shareholder is a citizen of the same state as the directors. The whole amendment is built upon an assumed continuance of the existing jurisdiction. It is true that, so limited, the amendment did not completely realize the purpose of giving a shareholder access to some court, state or federal, in all possible cases. The very case at bar would be an instance of failure, had the individual defendants not been served in a New York action which is still pending. The plaintiff could not have sued in a Connecticut state court, for he could not have served the corporation; he could not have sued in the Connecticut federal court because he and the corporation were citizens of New York. True, when there are many shareholders and the grievance is substantial, it will usually be possible to find a

5. Senate Bill No. 2524, 74th Cong.

6. "Provided, That in cases where there is more than one defendant, suit may be brought in any district where any of such defendants resides, but the court shall, upon petition, transfer such suit to the district where the convenience of all the parties will be best subserved, and process in such cases may be served on any defendant who resides in any other district than the one in which such civil suit is brought by service in the district where such other defendant resides or may be found."

7. The important part of the report and of Senator Tydings' remarks are printed as footnotes 4 and 5 in Schoen v. Mountain Producers Corporation, 3 Cir., 170 F.2d 707, 711.

shareholder, who is a citizen of some other state than that of the corporation; but we cannot know whether, had this gap—slight as it may be—been brought to the attention of Congress, it would have been thought worthwhile to enlarge the "diversity jurisdiction" in order to make the "plug" theoretically water tight. It would have been easy so to provide; all that would have been necessary was to say that, when the plaintiff and the corporation were citizens of the same state the corporation should be aligned as a plaintiff; nevertheless we do not feel warranted in extrapolating a purpose no more definitely disclosed.

The decisions have hitherto not passed upon the exact question here, which, to repeat, is whether it is not a condition upon the added venue that the action as it stands shall be within the jurisdiction of the district court. Thus in Greenberg v. Giannini, 2 Cir., 140 F.2d 550, 152 A.L.R. 966, the shareholder, the corporation and the director were all citizens of different states, and the only question was whether the corporation could have sued in the district where the action had been brought. We held that it could not because the director did not reside in that district. In Schoen v. Mountain Producers Corporation, 3 Cir., 170 F.2d 707, the plaintiff was a citizen of a different state from the corporation and those directors in whose favor the action was dismissed. The decision as to venue was that the added venue was not available unless the action which by hypothesis the corporation might bring against the directors would itself be within the jurisdiction of a federal court. We need not decide whether Judge Rifkind was right in Saltzman v. Birrell, D.C., 78 F.Supp. 778, 784, when he held that, if the action as it stands satisfies the jurisdictional conditions, that is enough, and that the hypothetical action which the corporation might bring against the directors need not have the requisite "diversity." It is to be noticed, however, that Schoen v. Mountain Producers Corpo-

ration, supra, went further than we need go here.

There remains the question whether the recension of 1948 changed the law. We leave open, (as the Third Circuit suggested in Schoen v. Mountain Producers Corporation, supra, note 9, 170 F.2d at pages 712, 713), whether § 1695 may not have overruled Greenberg v. Giannini, supra; perhaps a shareholder, who is a citizen of one state, may now sue directors who are citizens of another state in his own state and fetch in the corporation, organized in still a third state, although the corporation could not have sued the directors in the district which the shareholder has chosen; but, if that be a change, we think it the only change. The House report incorporated the Reviser's notes, and thus made them a valid source for interpretation, in addition to their inherent authority. The note of § 1391 is as follows: "The portion of section 112 of title 28 * * * relating to venue generally constitutes this section and the parts relating to arrest of the defendant, venue and process in stockholders' actions constitute sections 1401, 1693, and 1695 of this title." Since § 1693 touches the arrest of a defendant, and § 1695 the service of process in a shareholder's action, obviously the Reviser regarded § 1401 as a "venue" section. It did not follow from that that it might not have some effect upon jurisdiction as well, but certainly it is a makeweight that the Reviser continued to speak of it as such. However, it is not necessary affirmatively to show that it was not changed; it is enough if it was not. The language, as we have seen, had definite and limited meaning when it was enacted in 1936; it was carried over without any substantial change to the new statute, though the section as a whole was distributed; and it continued to be called by its more appropriate name. We cannot see the slightest reason for attributing to it a different meaning from the original.

Judgment affirmed.