MONTRO CORP. v. PRINDLE et al.

United States District Court,
S. D. New York.
May 28, 1952.

Indiana. Defendant directors seek alternately dismissal because of improper venue, stay of the action because of pendency of an identical cause in the New York State Supreme Court and to make the complaint more definite and certain. The corporate defendant separately moves for the same relief and, in addition, for $50,000 security pursuant to § 61–b, N.Y.General Corporation Law, McK.Consol.Laws, c. 23.

Abraham K. Weber, New York City, for plaintiff.

Hughes, Hubbard, Blair & Reed, New York City (Richard W. Hogue, Jr., New York City, of counsel), for defendant, Devoe & Reynolds Co., Inc.

Wickes, Riddell, Bloomer, Jacobi & McGuire, New York City (Harold F. McGuire, New York City, of counsel), for other defendants.

MURPHY, District Judge.

These are motions by defendants in a shareholder's derivative suit between plaintiff, a New Jersey corporation, and defendants, a New York corporation and eight individual directors, four of whom are residents of New York, two of Connecticut and one each of Kentucky and

Venue

At the outset, there is presented a complex question of venue on which there is a sharp conflict of opinion in the Federal Courts. Where jurisdiction is founded, as it is in this case, only on diversity of citizenship, the general venue statute provides that "A civil action * * may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside." 28 U.S.C.A. § 1391(a). It is self-evident that in the instant action neither plaintiff nor all defendants reside within this judicial district. Symbolically, using X, Y and Z to represent different districts in different states, this venue statute would require an alignment of parties according to residence in a shareholder's derivative suit, somewhat as follows:

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| Shareholder | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| X | | Y | Y |

Under this alignment, suit may be brought either in district X or Y, since all plaintiffs or all defendants reside in one or the other, and there is diversity of citizenship requisite for jurisdiction between plaintiff and defendants. An exception has been added, 49 Stat. 1213, 62 Stat. 936, on which the result here depends, in these words: "Any civil action by a stockholder on behalf of his corporation may be prosecuted in any judicial district where the corporation might have sued the same defendants." 28 U.S.C.A. § 1401.

Using the same symbols, this section clearly authorizes a suit in Y or Z when the parties are thus circumstanced:

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| Shareholder | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| X | | Y | Z |

This is so because this test, "in any judicial district where the corporation might have sued the same defendants", suggests application of the general venue test, mentioned above, "in the judicial district where all plaintiffs or all defendants reside". 28

U.S.C.A. § 1391(a) to a hypothetical suit in which the tripartite litigants are reduced to two parties and transposed as follows:

| Plaintiff | vs. | Defendants |
|---|---|---|
| Corporation | | Directors |
| Y | | Z |

Mere inspection indicates that under this hypothetical transposition, suit is possible in either Y or Z from the point of view of both jurisdiction and venue.

The instant case combines the two tripartite situations concededly possible under the venue statutes,

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| Shareholder | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| X | | Y | Y |

and

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| Shareholder | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| X | | Y | Z |

with this resulting combination:

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| Shareholder | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| X (N.J. corp.) | | Y (N.Y.) | Y and Z (N.Y., 4) (States (other than (X or Y, 4) |

And it is the question of whether such suit may be brought in Y that is the subject of divergent judicial opinion. In Saltzman v. Birrell, D. C., S.D.N.Y., 78 F.Supp. 778, 784, Judge Rifkind held that such suit could be maintained. Diversity of citizenship between the corporate defendant and defendant directors, in addition to such diversity between plaintiff shareholder and defendants—"double diversity", in short—

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| Shareholder | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| X | | Y | Y and Z |

are not required. This statute—one on venue, not jurisdiction—is "manifestly concerned with the choice of a district, a problem which does not arise until a jurisdictional basis already exists." Id. See also Citrin v. Greater New York Industries, D.C., S.D.N.Y., 79 F.Supp. 692.

On the other hand in a later case involving the same shareholder derivative suit venue pattern,

an appellate court in another circuit has held that such suit should be dismissed for improper venue with respect to wrongdoers in Y, and sustained as to those in Z. Schoen v. Mountain Producers Corporation, 3 Cir., 170 F.2d 707, 5 A.L.R.2d 1226. See also Sale v. Pittsburgh Steel Co., D.C., W.D.Pa., 57 F.Supp. 283. In a carefully considered opinion, the Court of Appeals said: " * * * the language of the stat-

ute itself is quite clear and unambiguous. It does not say, as would be appropriate if the plaintiff's contention were correct, that a stockholder's derivative suit may in every case be brought in the district in which the injured corporation resides or in the district in which the other defendants reside. * * * Whether a corporation may bring a suit in a given district certainly depends just as much upon whether the district court of that district would have jurisdiction of the subject matter as upon whether the district is one in which the venue statute authorizes suit to be brought. * * * Moreover we find that this construction of the statutory language is supported by the legislative history of the Act * * *." 170 F.2d at page 711.

The question has been expressly left open in this Circuit. In a shareholder's derivative suit of the following pattern:

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| Shareholder | | | |
| X | | X | Y |

the court held that this venue statute did not dispense with the jurisdictional prerequisite of diversity between the plaintiff shareholder and defendant corporation, but pointedly refrained from approval or disapproval of the conflicting decisions in the situation now under consideration, L. Hand, Ch. J., Lavin v. Lavin, 2 Cir., 182 F.2d 870, 18 A.L.R.2d 1017:

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| Shareholder | | | |
| X | | Y | Y and Z |

I think that venue of subject matter may be sustained in this situation, both with respect to the alleged wrongdoing directors resident in Y as well as those in Z. The statute construed on its face as it is worded —and not as Congress might have worded it —is literally susceptible to more than one interpretation. The language, "in any judicial district where the corporation might have sued the same defendants", conceivably could mean from the point of view of (1) jurisdiction and venue; or (2) venue alone. The former construction—requiring "double diversity"—would lead to an absurd result. Concededly the plaintiff shareholder in this case (resident of X) could sue defendant corporation (domiciled in Y) and merely four of the wrongdoing defendant directors (similarly domiciled in Y) in judicial district Y. This is so because while the defendant corporation on whose behalf a derivative action is brought is an indispensable party, City of Davenport v. Dows, 18 Wall. 626, 85 U.S. 626, 21 L.Ed. 938; Swan Land & Cattle Co. v. Frank, 148 U.S. 603, 13 S.Ct. 691, 37 L.Ed. 577, not all of its alleged wrongdoing directors are such parties. As joint tortfeasors, all such directors need not be joined, Weaver v. Marcus, 4 Cir., 165 F.2d 862, 175 A.L.R. 1305, Friend v. Middle Atlantic Transportation Co., 2 Cir., 153 F.2d 778, or if joined could be omitted as parties presenting an embarrassing question of jurisdiction, Galdi v. Jones, 2 Cir., 141 F.2d 984, 991; Kassner v. United States Pictures, D.C., S.D.N.Y., 82 F.Supp. 633. Consequently, it is not denied that venue of subject matter could be sustained in Y district under the general venue statute, supra, 28 U.S.C.A. § 1391 (a), in the situation:

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| Shareholder | | | |
| X | | Y | Y (4, N.Y.) |

464

It is equally so that such venue is permissible in Y under the exceptions added to this statute, supra, 28 U.S.C.A. § 1401, in the suits:

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| Shareholder | | | |
| X | | Y | Z (2, Conn.) |

and

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| Shareholder | | | |
| X | | Y | Z (1, Ky.) |

and

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| Shareholder | | | |
| X | | Y | Z (1, Ind.) |

Is it not arbitrary to insist that such venue cannot be sustained in Y in the following suit?

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| Shareholder | | | |
| X | | Y | Y and Z |

With respect to the legislative history, it most truthfully can be stated that it is quite mute with respect to the problem posed by this case, diversity of domicile among wrongdoing directors or others. True, The House Report (2257, 74th Cong.2d Sess. pp. 1, 2, 3; quoted in Schoen v. Mountain Producers Corporation, supra, 170 F.2d 707, 711, 5 A.L.R.2d 1226, footnote 4) states that "this proposed legislation relates solely to venue in that class of stockholders' suits brought under the diversity of citizenship jurisdiction of the Federal courts wherein a stockholder of one corporation brings the suit on behalf of the corporation against another corporation incorporated in another State." But it is going far afield indeed to apply maxims, such as "The expression of one thing is the exclusion of another"—often questionable as a canon of construction for statutory language—to the wording of a legislative committee report. Moreover thus applied literally this canon would exclude from venue in Y not only the multiple wrongdoers of domicile diverse among themselves

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| Shareholder | | | |
| X | | Y | Y and Z |

but also a single wrongdoer,

| Plaintiff | vs. | Defendants | |
|---|---|---|---|
| | | Corporation in whose behalf suit is brought | Directors, alleged wrongdoers |
| Shareholder | | | |
| X | | Y | Z |

who happens to be a director rather than a corporation siphoning assets out of the subsidiary in whose behalf the plaintiff shareholder has brought the suit.

### Stay

Motion is also made by defendants for an order staying the further prosecution of this action, commenced on January 16, 1952, pending trial and determination of two actions pending in the New York State Supreme Court, one similarly entitled and commenced as this action and the second entitled Yaeger v. Phillips commenced August 8, 1951. Because plaintiff has offered to stipulate to stay its action in the State court, it will be necessary to consider only the pendency of the Yaeger action for determination of this motion. Both actions in the State court are shareholder's derivative suits involving substantially similar issues. Although the parties are not significantly different (the corporate defendant and all of the defendant directors named and served in this action have answered in the Yaeger State action, the plaintiff shareholders in the Yaeger State action being different from the plaintiff in this action), it is perhaps important to note that different attorneys are involved in the two actions.

It has long been settled that pendency of an action *in personam* in a State court does not prevent a plaintiff from bringing, in Federal courts having jurisdiction, an action against the same defendants based upon the same issues involved in the State court action. It is discretionary with the Federal court in such case whether or not to stay the action brought in it pending the trial and determination of the issues in the State court. See McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762; Kline v. Burke Const. Co., 260 U.S. 226, 232, 234, 43 S.Ct. 79, 67 L.Ed. 226. The guide for exercise of such discretion has thus been phrased in oft-quoted language of Justice Cardozo in Landis v. North American Co., 299 U.S. 248, 254, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153: "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. [Citing cases.] True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay * * * will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."

In several shareholder derivative actions brought in this district motions to stay have been denied despite pendency of similar actions in State courts, Ratner v. Paramount Pictures, Inc., D.C., 46 F.Supp. 339; Pan American Airways, Inc. v. Consolidated Vultee Aircraft Corporation, D.C., 87 F. Supp. 926; Cohen v. Industrial Finance Corporation,[1] Civ. 13–311, Feb. 20, 1942, Hulbert, D. J., and in other similar actions such motions have been granted. Brendle v. Smith, D.C., 46 F.Supp. 522; Mottolese v. Kaufman, 2 Cir., 176 F.2d 301; P. Beiersdorf & Co. Inc. v. McGohey, 2 Cir., 187 F.2d 14. And the Court of Appeals in the two cases last cited has not found the grant of such stay an abuse of discretion.

Upon condition that plaintiff stipulates to stay the State court action commenced with virtual simultaneity against these defendants, this motion to stay the action in this court will be denied. Balancing the possible inconveniences involved against plaintiff's right to select a federal forum, I do not find that the suppliant in this case has made out "a clear case of hardship or inequity in being required to go forward" in this court. Landis v. North American Co., supra. The probability of a speedier trial of the issues in the State court is clearly no considerable advantage to defendants. On the other hand, of advantage to both plaintiff and defendants, and especially the former, is the more certain and simpler power to examine orally under the Federal Rules of Civil Procedure,

---

1. No opinion for publication.

Rule 30(a), 28 U.S.C.A., than under comparable provisions governing State court practice. This advantage ought not be denied a litigant by this motion. See Mottolese v. Kaufman, supra, 176 F.2d at pages 303, 304. Nor should the plaintiff in this action "be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both", Landis v. North American Co., supra, 229 U.S. at page 255, 57 S.Ct. at page 166, in the absence of that clear case of hardship and inequity hardly presented by the pendency of a single other action in the State courts involving different attorneys from the instant one in this court.

The motion for a more definite statement of the complaint is denied, and the motion for security under § 61-b, N.Y. General Corporation Law is granted, Fielding v. Allen, 2 Cir., 181 F.2d 163, certiorari denied Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600, the amount to be determined upon submission by litigants of data upon which a reasonable determination may be based.

Settle order.