STEINBERG et al. v. HARDY et al.

Civ. A. No. 2806.

United States District Court
D. Connecticut.

March 24, 1950.

See also 90 F.Supp. 167.

Harry Tulin, Hartford, Conn., Abraham Marcus, New York City, of counsel, for plaintiffs.

Wiggin & Dana, by Frank E. Callahan, New Haven, Conn., for defendants Hardy and Buckley.

Thompson, Weir & MacDonald, by Curtiss K. Thompson, New Haven, Conn., for defendants Barium Steel Corporation and Central Iron & Steel Co.

HINCKS, Chief Judge.

This motion is based upon the contention that Sec. 1695 of the new Judicial Code, 28 U.S.C.A., will not support the service in Pennsylvania which was made on Central.

This contention I must overrule. Under the 1936 amendment, 49 Stat. 1213, to 28 U.S.C.A. § 112, in a double derivative suit a wholly owned subsidiary, as well as the parent, was subject to the venue and service provisions therein contained. Goldstein v. Groesbeck, 2 Cir., 142 F.2d 422, 154 A.L.R. 1285; 3 Moore's Fed.Prac., 2d Ed., p. 3539. The venue provisions and the service provision of the 1936 Amendment, which appeared together in 28 U.S.C.A. § 112 (1940), were distributed to different sections in the new Code, viz., to Sections 1401 and 1695 respectively. In the process of distribution and translation the language of the 1936 amendment, especially as to its venue provisions, was somewhat modified. But there is not the slightest reason for believing that the slight modifications which are found, and especially the service provisions now appearing in Sec. 1695, were intended to accomplish any change of substance. Indeed, it is highly improbable, and certainly there is nothing in the Congressional history of the Revision to show, that Congress intended by Section 1695 for purposes of a double derivative action to reopen the "loophole" which it was the purpose of the 1936 amendment "to plug", House Report 2257, 74th Congress, 2d Session, pp. 1, 2, 3, and through which this defendant now seeks to escape, while keeping the loophole plugged for purposes of a single derivative action. Such a thought finds no lodgement in the Reviser's notes to the new Code: on the contrary, the Reviser after reciting a slight formal change of no present significance in the service provisions now appearing in Sec. 1695, stated merely "changes were made in phraseology." And Professor Moore in his thorough treatise, 3 Moore's Fed.Prac., 2d Ed., Sec. 23.21(3), p. 3543, says "there can be little doubt that Sections 1401 and 1695 are related and together carry forward the substance of the 1936 amendment" so that when the venue is laid under Sec. 1401, "extra territorial service of process on the corporation may be made pursuant to Sec. 1695, just as under the 1936 amendment." Against this official and scholarly characterization of the scope of the revised code, the defendant's position is not impressive. And after all, the language of Sec. 1695 in speaking of "process in a stockholder's action in behalf of *his* corporation", when applied to a double derivative action, as aptly comprehends a wholly owned subsidiary as the parent: each is a beneficiary "on behalf of" which the action is brought and in each the stockholder in the parent corporation has equitable interests.

It is accordingly ordered that the motion be denied.