Landon T. CLAY and Harris M. Clay,
Plaintiffs,

v.

Landon THOMAS, Cassius Clay and The
John P. King Manufacturing Com-
pany, Defendants.

United States District Court
S. D. New York.

July 19, 1960.

**810**

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiffs. Leo P. Arnaboldi, Jr., Robert W. Biggar, Jr., New York City, and William A. Kass, New York City, of counsel.

Satterlee, Warfield & Stephens, New York City, for defendants. F. W. H. Adams and Henry J. Formon, Jr., New York City, of counsel.

1. The provisions of the Judicial Code relevant to the determination of this motion are set forth below:

  *28 U.S.C. § 1391(a):* "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

  *28 U.S.C. § 1391(c):* "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

  *28 U.S.C. § 1401:* "Any civil action by a stockholder on behalf of his corporation may be prosecuted in any judi-

**PALMIERI, District Judge.**

This is a stockholders' derivative suit in which members of the same family are contending parties. Plaintiffs are residents of New York and Massachusetts. The corporation is organized under the laws of Georgia and the individual defendants are Georgia residents. After a complaint was filed in this district, personal service was effected in New York upon the individual defendants and the corporation was served in Georgia pursuant to 28 U.S.C. § 1695. Defendants now move to dismiss the action upon the ground that this court lacks jurisdiction over the corporation, admittedly an indispensable party. Asserting that the corporation is not "doing business" here, defendants urge that this district is not one of proper venue under 28 U.S.C. § 1401 and that the provision of 28 U.S.C. § 1695 for extraterritorial service on the corporation was not available to plaintiffs. Defendants further move, in the alternative, for a transfer of the action under 28 U.S.C. § 1404(a) to the District Court for the Southern District of Georgia.[1]

The plaintiffs move to add and to drop parties. Since I have concluded that jurisdiction and venue have been properly established and that the defendants' motions should be denied, the motion to drop Landon T. Clay, a Massachusetts resident, becomes moot and is deemed to be withdrawn.[2] The motion to add

cial district where the corporation might have sued the same defendants.

  *28 U.S.C. § 1695:* "Process in a stockholder's action in behalf of his corporation may be served upon such corporation in any district where it is organized or licensed to do business or is doing business."

  *28 U.S.C. § 1404(a):* "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. Plaintiffs had urged that if Harris M. Clay, the New York resident, were the only named plaintiff, this district would be one of proper venue under 28 U.S.C.

or confirm Harris M. Clay, a New York resident, as a plaintiff is granted. Fed. R.Civ.P. 21, 28 U.S.C.[3]

The corporate defendant, The John P. King Manufacturing Company (King Manufacturing) is a cotton textile manufacturer with a mill in Augusta, Georgia. Its wholly owned subsidiary, Minot Hooper Company, a New York corporation with offices in New York City, is the exclusive selling agent for the entire production of King Manufacturing, maintaining a teletype connection with the Georgia plant. The papers submitted on this motion make it clear that the subsidiary is fully integrated with all phases of the business of the parent, King Manufacturing. It follows that King Manufacturing is "doing business" in this district for venue purposes because of its extensive and continuous contacts with this district. 28 U.S.C. §§ 1391(a), (c); Champion Spark Plug Co. v. Karchmar, D.C.S.D.N.Y.1960, 180 F.Supp. 727, 731; Rayco Mfg. Co. v. Chicopee Mfg. Corp., D.C.S.D.N.Y.1957, 148 F.Supp. 588. Accordingly, venue was properly laid under 28 U.S.C. § 1401[4] and extraterritorial service of process was properly effected on the corporation. 28 U.S.C. § 1695; Steinberg v. Hardy, D. C.D.Conn.1950, 90 F.Supp. 171.[5]

Considerable portions of the voluminous papers submitted on these motions deal with the question whether transfer to the Southern District of Georgia would be "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404 (a).[6] In a derivative action, plaintiff's choice of forum need not be given the weight which is generally assigned to it in other actions. Koster v. Lumbermen's Mut. Cas. Co., 1947, 330 U.S. 518, 67 S. Ct. 828, 91 L.Ed. 1067; Josephson v. McGuire, D.C.D.Mass.1954, 121 F.Supp. 83. However, the "special factors" involved in this family controversy mitigating against transfer lead me to exercise my discretion in plaintiffs' favor. Nor do I

§ 1391(a) as the place in which all plaintiffs reside whether or not The John P. King Manufacturing Company was "doing business" in this district. However, it appears that to validate the extraterritorial service upon the corporate defendant under 28 U.S.C. § 1695, venue must be laid pursuant to 28 U.S.C. § 1401. See Steinberg v. Hardy, D.C.D. Conn.1950, 90 F.Supp. 171; 71 Harv.L. Rev. 962–963 (1958).

3. The complaint was filed in this district on April 25, 1960. On May 20, 1960, an amended complaint was filed adding Harris M. Clay as a plaintiff. No answer has been filed. See Fed.R.Civ. P. 15(a).

4. Saltzman v. Birrell, D.C.S.D.N.Y.1948, 78 F.Supp. 778, 784; 71 Harv.L.Rev. 962 at n. 649 (1958).

Although there is authority to the contrary, Schoen v. Mountain Producers Corp., 3 Cir., 1948, 170 F.2d 707, 5 A.L.R.2d 1226, certiorari denied, 1949, 336 U.S. 937, 69 S.Ct. 746, 93 L.Ed. 1095, the cases arising in this district have applied 28 U.S.C. § 1401 without requiring "double diversity," i. e., diversity between the plaintiff and all defendants, including the corporation, and, in addition, diversity between the corporation and the other defendants.

Absent the benefits of 28 U.S.C. §§ 1401, 1695, this suit might have been brought in this district by reason of 28 U.S.C. § 1391(a) if the New York resident were the only plaintiff and service on the corporate defendant had been effected in New York pursuant to Fed. R.Civ.P. 4(f) at the offices of the integrated subsidiary, Minot Hooper Company. Since plaintiff did not serve the subsidiary but, instead, obtained extraterritorial service on the parent in Georgia, this court would not have jurisdiction to proceed if 28 U.S.C. § 1695 had not been properly invoked.

5. The situation presented here is somewhat unusual. Generally, 28 U.S.C. § 1695 is applied to resolve the problem encountered by plaintiffs who are unable to find a common forum in which both the real defendants and the corporate defendant can be served. By reason of 28 U.S.C. § 1401 such plaintiffs can bring their derivative suits in the district where all the real defendants reside, accomplishing extraterritorial service of process on the out-of-state corporate defendant by reason of 28 U.S.C. § 1695.

6. The Southern District of Georgia is a place of proper venue under 28 U.S.C. § 1391(a) (residence of all defendants) and all defendants could have been served with process there.

**812**

believe that the pendency of a Georgia state court action concerning the affairs of King Manufacturing is sufficient to warrant the relief requested by defendants.

### Conclusions

The defendants' motions are denied in all respects. The plaintiffs' motion to drop Landon T. Clay, having become moot, is deemed to be withdrawn. The plaintiffs' motion to add or confirm Harris M. Clay as a party-plaintiff is granted.

So ordered.