Harold C. ACKERT, as Trustee for the benefit of Laura B. Smith, Plaintiff,

v.

Evan L. AUSMAN, Joseph M. Fitzsimmons, Harold K. Bradford, Allan P. Kirby, Jr., Robert J. Bulkley, Clarence W. Meadows, James H. Clark, Harlan K. Nygaard, John C. Cornelius, Robert W. Purcell, William E. Eppler, Robert C. Reed, Robert J. Stallman, Investors Diversified Services, Inc., and Investors Mutual, Inc., Defendants.

United States District Court
S. D. New York.

Oct. 16, 1961.

**539**

Rosenthal & Gurkin, New York City, for plaintiff. William E. Haudek, Abraham L. Pomerantz, Pomerantz, Levy & Haudek, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendant Investors Diversified Services, Inc. George S. Leisure, Jr., New York City, of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Investors Mutual, Inc. Taggart Whipple, Philip C. Potter, Jr., Roland W. Donnem, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

The plaintiff in this action, a citizen of Missouri, is the trustee of a trust, for the benefit of one Laura B. Smith, which is alleged to be a stockholder of defendant Investors Mutual, Inc. The amended complaint states that he brings this action "derivatively on behalf of Investors Mutual and representatively on behalf of himself and the other stockholders of Investors Mutual."

Investors Mutual (Mutual) is a Nevada corporation with its principal place of business in Minneapolis, Minnesota. Defendant Investors Diversified Services, Inc. (Diversified) is a Minnesota corporation with its principal place of business in Minneapolis.

The thirteen individual defendants named in the complaint are or have been directors of Mutual and six of them were directors of Diversified as well. Only four of the individuals named as defendants have been served with process. The action was dismissed by consent as to two of the individual defendants served. Defendants Purcell and Kirby remain as the only individual defendants who have been brought into the action. It is alleged that they were and now are directors of both defendants Mutual and Diversified.

None of the defendants have as yet answered.

Defendants Diversified and Mutual now move, pursuant to 28 U.S.C. § 1404 (a),[1] to transfer the action to the United States District Court for the District of Minnesota, Fourth Division, at Minneapolis, for the convenience of parties and witnesses and in the interests of justice. Mutual also moves under 28 U.S.C. § 1406 for dismissal, or, in the alternative, for transfer to the District of Minnesota on the ground that venue as to it is improperly laid in this district. The motions are made on the amended complaint and on voluminous affidavits. The individual defendants, Purcell and Kirby, have not joined in the motions but do not oppose them.

The allegations of the amended complaint may be summarized as follows:

1. "§ 1404. Change of venue
"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Jurisdiction is based both upon the Investment Company Act of 1940, 15 U.S.C.A. § 80a—1 et seq., and upon diversity of citizenship.

Mutual is registered under the Investment Company Act of 1940 as a diversified open-end management investment company with net assets of some $1,400,000,000. Diversified acts under contract as investment advisor for Mutual and four other mutual funds. In this capacity Diversified supervises the operations of Mutual and the other funds, reviews their investment portfolios, recommends changes in the portfolios and pays certain of their expenses. For these services Diversified receives annual fees amounting to ½ of 1% of the net assets of each of the mutual funds. For the fiscal years 1955 to 1959 Diversified received in investment advisory fees from Mutual alone more than $26,600,000. The estimated fee for the fiscal year 1960 is some $8,000,000.

Diversified also acts as principal underwriter and exclusive distributor for the shares of Mutual and the other mutual funds which it services. In this capacity it has received in excess of $16,000,000 in net commissions on the sale of Mutual shares for the fiscal years 1955 through 1960, and also large commissions on the sales of the shares of other mutual funds.

It is charged that the individual defendants and Diversified dominate and control Mutual, and the individual defendants as directors of Mutual are subservient to the wishes of Diversified without regard to Mutual's best interests; that the fees payable to Diversified were established arbitrarily and collusively to benefit the defendants and not Mutual; that the fees are grossly excessive and unfair and will become increasingly so under the same fixed percentage arrangement as Mutual's assets increase; that Diversified gives the same advice to Mutual which it gives to all five mutual funds it services and thereby multiplies its fees; and that Diversified and the individual defendants used the advice paid for by Mutual and obtained by them for nothing to build their own portfolios of securities and thus appropriated a valuable asset of Mutual for their own use and benefit.

The acts of the individual defendants are said to be "in violation of their fiduciary duties under the Investment Company Act of 1940 and other applicable law," and part of a conspiracy to benefit Diversified at the expense of Mutual. All of this is said to constitute a waste of Mutual's assets for the benefit of the defendants.

The complaint concludes with allegations as to the futility of demand on the board of directors and the lack of necessity and futility of demand upon the Mutual stockholders.

Judgment is sought requiring the defendants to account to Mutual for their profits and for damages, for a declaration of the rights of the parties, and for costs and expenses of the action, including counsel and accountant's fees.

◼ A party seeking a transfer under 28 U.S.C. § 1404(a) must show that the balance of convenience of parties and witnesses markedly favors a transfer in the interests of justice. He must also show that in the first instance the action might have been brought in the district to which it is sought to be transferred. Plaintiff urges that the moving defendants here have not made either showing.

On the first of these issues the voluminous and detailed affidavits submitted by the moving defendants establish that the balance of convenience of parties and witnesses is overwhelmingly in favor of transfer to the District of Minnesota and that the Southern District of New York is not a convenient or appropriate forum.

The principal place of business of Mutual in Minneapolis is the only office which it has. Practically all of its business records are kept there and none are in New York. Almost all of the meetings of its board of directors and executive committee have been held there. Neither the board nor the committee have ever held meetings in New York. Of the more than 316,000 stockholders of Mutual who would be entitled to come into this

representative action, the largest single group are in Minneapolis and the others are located throughout the United States and in foreign countries.

Diversified also has its main offices and principal place of business in Minneapolis. The detailed figures in the moving affidavits as to the bulk and quantity of the business records of Diversified make it plain that these records are extremely voluminous. Practically all are in Minneapolis. Some of the records are required to be kept there by state and federal law. A great volume of such records and documents would be relevant and material in this litigation.

Of the total of 968 persons employed by Diversified in the various aspects of its functions as investment advisor and underwriter distributor, 937 are located in Minneapolis. These include practically all of its principal employees who would be familiar with the transactions involved in this litigation and other employees who would be required to identify and refer to documents located in Minneapolis in the course of pre-trial proceedings and during the trial itself.

There are also a number of former employees of Diversified or Mutual whose testimony may be required. There are some 17 persons in this category who reside in the Minneapolis area and only 3 in New York. Of the 377 present and former officers and directors of Diversified, Mutual and the other affiliated funds, some 218 reside in Minnesota and only 41 in New York. Thus a large proportion of potential witnesses who are no longer associated with Diversified would be more readily available to process by any party to the litigation in Minneapolis than in New York.

Five of the thirteen individual defendants named in the complaint reside in Minneapolis. Only one appears to be a resident of New York. The rest live in widely scattered sections of the country and Minneapolis appears to be at least as convenient to them as New York if their testimony is required.

Plaintiff himself is not a resident of New York but of Missouri, which is a great deal nearer to Minneapolis than to New York. The contracts which are under attack in this action were all made in Minnesota. Most of the events with which the litigation is concerned must have taken place there.

Were this action to remain here the moving defendants would be required to bring an enormous volume of records and numerous witnesses from the seat of their operations in Minneapolis to this district at very large expense. It is not unlikely that the necessity of having key records and key personnel in New York would impair the operations at least of Diversified to the substantial disadvantage of both defendants. All of this would be avoided were the action transferred to Minneapolis, which is the headquarters of both corporate defendants and the natural situs for the determination of the issues presented in this case.

Moreover, it appears, and plaintiff does not deny, that the calendar of the district court in Minneapolis is current. Cases placed on the trial calendar may be tried at the first term of court for which they are noticed unless the parties stipulate to have the case go over to the next term. In contrast, the Southern District of New York is the busiest in the entire country. It has more than twenty percent of the civil case load in the nation and the highest civil case load per judge in the country. It also has by far the largest number of long and complicated cases. Its trial calendars are congested with cases waiting to be tried and there is necessarily a substantial delay in bringing cases to trial.

In contrast to the showing made by the moving defendants, plaintiff has not shown that the transfer of this action to Minnesota would result in any inconvenience to him or would impair the conduct of the litigation in any respect. There is no showing that the action has any logical connection with the Southern District of New York. Indeed, plaintiff does not seriously dispute the claim of the moving defendants that the transfer which is sought would result in much

greater convenience to parties and witnesses.

He urges, however, that the action should remain here because he has brought a companion suit against the two defendant corporations and some of the individual defendants named in the case at bar in the Supreme Court of the State of New York, New York County, where it is presently pending.[2] There is no merit in plaintiff's claim that the pendency of the companion suit which he brought in the New York courts dictates that the case at bar should remain in this district. The State Supreme Court in New York County where the action is pending is an extremely busy court with heavily congested calendars. There is every likelihood that were the case at bar transferred to Minnesota it would be tried long before the New York action could be reached for trial. In such event the Minnesota action would be determinative of most, if not all, of the issues raised in the New York action and the action would become moot.

■ Moreover, the pendency of the New York action cannot and should not affect the rights of the defendants to have the case at bar transferred if that relief be appropriate. Otherwise a plaintiff would be able to bar a merited transfer of an action in the federal courts from one district to another by the simple device of bringing a so-called companion action in the state court for that very purpose.

■■ The criteria which determine whether transfer should be made in the interests of justice all favor transfer to the Minnesota District. These criteria include the convenience of the vast majority of potential witnesses, the availability of and ease of access to proof, the availability of compulsory process for unwilling witnesses, the large expense of bringing witnesses and documents here, the probability of a speedier trial in the transferee district, and the lack of any inconvenience or prejudice to the plaintiff resulting from transfer.[3] These considerations far outbalance any weight to be given to the choice of forum by this plaintiff who does not reside in this district and lives far distant from it.[4]

■ Plaintiff, however, urges that the action may not be transferred to the Minnesota district because that is not a district "where it might have been brought" within the meaning of § 1404 (a). It is now settled that this phrase requires that a civil action may be transferred to another district only if it could have been brought there originally. The relevant inquiry is whether at the time the action was initiated the transferee court could have acquired jurisdiction over the subject matter of the action and over the parties had it been brought there and whether venue in that district would have been proper. To put it another way, the question is whether when the suit was commenced plaintiff had the right to sue in the transferee district independently of the wishes of the defendants who are parties to the action. Hoffman v. Blaski, 1960, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254.

These requirements are readily met as to the corporate defendants Mutual and

2. A motion by Diversified to dismiss that action on the ground of forum non conveniens, and for alterative relief, Sup., 218 N.Y.S.2d 814, and a motion by Mutual to set aside purported service in New York, Sup., 218 N.Y.S.2d 822, have been denied. An appeal is presently pending to the Appellate Division, First Department, from the denial of these motions and has not yet been determined.

3. See Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Norwood v. Kirkpatrick, 1955, 349 U.S.

29, 75 S.Ct. 544, 99 L.Ed. 789; United States v. General Motors Corporation, D.C.S.D.N.Y.1960, 183 F.Supp. 858; Cressman v. United Air Lines, D.C.S.D. N.Y.1958, 158 F.Supp. 404; Andino v. S.S. Claiborne, D.C.S.D.N.Y.1957, 148 F.Supp. 701; Molloy v. Bemis Bros. Bag Co., D.C.S.D.N.Y.1955, 130 F.Supp. 265.

4. See Cressman v. United Air Lines, supra; Nunn v. Chicago, Milwaukee, St. P. & P. R. Co., D.C.S.D.N.Y.1948, 80 F.Supp. 745.

Diversified. The Minnesota District Court would plainly have jurisdiction over a diversity action or an action founded on the Investment Company Act brought against them in Minnesota where they were subject to the process of that court and where venue would be properly laid. The question here is whether under the rule of Hoffman v. Blaski the action at bar could have been brought in Minnesota against the two individual defendants Kirby and Purcell, one of whom appears to be a resident of and was served in New Jersey, and the other of whom appears to be a resident of New York where he was served. These are the only two individual defendants who are now in the action and who need to be considered in connection with the present application. Cf. Defelice & Son, Inc. v. Globe Indemnity Company, D.C.S.D. N.Y.1959, 23 F.R.D. 275, 278.

The amended complaint in this action expressly bases jurisdiction both on the Investment Company Act of 1940, 15 U.S. C.A. § 80a—1 et seq., and diversity of citizenship. It specifically charges that the acts of Diversified and the named defendant directors, including Kirby and Purcell, which are complained of were "in violation of their fiduciary duties under the Investment Company Act of 1940." Relief is sought by the plaintiff on the basis of this charge, among others.

Plainly, if this action were in the federal court solely by reason of diversity plaintiff could not have brought this suit in Minnesota against either Kirby or Purcell. The Minnesota district court could not have acquired jurisdiction in such an action over these defendants, resident in New York and New Jersey, nor would venue have been proper as to them. By the same token plaintiff could not have brought such a diversity action in this district against defendant Kirby for there would not have been jurisdiction in personam or venue as to him.

However, under Section 44 of the Investment Company Act of 1940, 15 U.S. C.A. § 80a—43, district courts are given jurisdiction of violations of the Act and "of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of" the Act or the rules, regulations or orders thereunder. Such a suit may be brought in any district in which a criminal proceeding under the Act may be brought—that is to say, in the district "wherein any act or transaction constituting the violation occurred." Process in such cases "may be served in any district of which the defendant is an inhabitant or transacts business or wherever the defendant may be found." Thus, if the action sounds under the Investment Company Act of 1940 the Minnesota district court, where the corporate defendants transact their principal business, and where the contracts which are alleged to be unconscionable were made and in large part performed, would have jurisdiction over the subject matter of the action, its process could be served on Kirby and Purcell wherever they might be found and venue would properly lie there as to all four defendants.

The discussion by the parties of the question of whether this action sounds under the Investment Company Act or is a purely diversity action is less than enlightening. Both the moving defendants and the plaintiff fudge this issue, perhaps understandably. For while the moving defendants assert that the action is laid under the Investment Company Act of 1940, they are not willing to concede that the complaint states a valid claim under that Act, or, indeed, that there is a federal remedy against the defendant directors under the allegations of the complaint. Plaintiff, on the other hand, seeking to avoid transfer, though unwilling to eschew a claim under the Investment Company Act of 1940, urges that this is in essence a diversity action which could not have been brought in the Minnesota District and that it therefore cannot be transferred there.

Plaintiff, however, cannot slough off the allegations of his own pleading. In his amended complaint he has chosen to assert a claim under the Investment Com-

pany Act against defendants Kirby and Purcell as well as against the corporate defendants, and seeks relief on that theory. He can scarcely maintain that this is solely a common law diversity action for the process and venue of this court would not reach at least one of the defendants, Kirby. Even in this district any claims asserted against Kirby on a common law diversity claim could only be pendent to the federal claim under the Investment Company Act. See Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Brown v. Bullock, D.C. S.D.N.Y.1961, 194 F.Supp. 207.

■ An action under the Investment Company Act is cognizable in the federal courts. In Brown v. Bullock, 294 F.2d 415, the Court of Appeals of this circuit held that there was a federal remedy under the Investment Company Act of 1940 against directors of a registered investment company for alleged violations of §§ 37 and 15(a) and (b) of the Act. In a scholarly opinion below, Judge Herlands held that there were federal remedies against directors under other sections of the Act as well, Brown v. Bullock, D.C.S.D.N.Y.1961, 194 F.Supp. 207, though the Court of Appeals did not pass on this phase of the case. See, also, Cogan v. Johnston, D.C.S.D.N.Y.1958, 162 F.Supp. 907; Schwartz v. Bowman, D.C.S.D.N.Y.1957, 156 F.Supp. 361, appeal dismissed Schwartz v. Eaton, 2 Cir., 1959, 264 F.2d 195.

Plaintiff, however, urges that Brouk v. Managed Funds, 8 Cir., 1961, 286 F.2d 901, certiorari granted 366 U.S. 958, 81 S.Ct. 1921, 6 L.Ed.2d 1252, recently decided by the Court of Appeals for the Eighth Circuit, has the effect of barring him from maintaining this action against defendant directors Kirby and Purcell in the District Court of Minnesota which is in the Eighth Circuit. In the Brouk case suits were brought for alleged violations of the Investment Company Act of 1940 by a registered open-end investment company and by one of its stockholders on its behalf against former directors for alleged violations of the Act. Reversing the denial by the district court of motions made by certain of the defendant directors to dismiss for lack of jurisdiction of subject matter or person or both, the Court of Appeals held that the Investment Company Act of 1940 did not contemplate a civil action against former directors of an investment company in the posture of the moving defendant.

In Brown v. Bullock it was sought to distinguish the Brouk case on the ground that Brouk held only that directors of registered investment companies are not liable under the Act as insurers and are not chargeable with per se or vicarious liability. As the Court of Appeals of this circuit pointed out in Brown v. Bullock, it is "by no means certain the decision is adequately distinguished on that ground." [294 F.2d 422.] If it is not so distinguished it may be in conflict with the decision of the Court of Appeals of this circuit in the Brown case, though in my view it does not seem that the Brouk decision can be read so as to hold that there is no federal jurisdiction of any actions against directors of registered companies under the Act of 1940 no matter what the grounds.

But regardless of how the Brouk case is interpreted it is no bar to a transfer of this case to a district within the Eighth Circuit. Plaintiff has chosen to assert a claim in his amended complaint under the Investment Company Act of 1940 against defendants Kirby and Purcell and seeks relief upon that theory. The application before me is not a motion under Rule 12(b), F.R.Civ.P., 28 U.S.C., to dismiss for failure to state a claim on which relief can be granted or for lack of jurisdiction over the subject matter. Indeed, *both* sides carefully refrain from going into the merits of the pleading on this application. No one, least of all the plaintiff, makes the claim that the complaint is demurrable on the ground that no federal cause of action is pleaded.

■ The party who brings a suit is "master to decide what law he will rely upon." He determines whether he will bring a suit arising under the laws of the United States by his complaint. The Fair v. Kohler Die & Speciality Co., 1913,

228 U.S. 22, 33 S.Ct. 410, 411, 57 L.Ed. 716. It cannot be said that there is no jurisdiction in the District of Minnesota to *entertain* such a suit. See Bell v. Hood, 1946, 327 U.S. 678, 681–683, 66 S.Ct. 773, 90 L.Ed. 939. Nor can it be said that suit under the Investment Company Act could not have been *brought* against defendants Kirby and Purcell in the Minnesota District.

Whether under the allegations of the amended complaint a legally sufficient claim against Kirby and Purcell is made out under the Investment Company Act goes to the merits of the plaintiff's claim. That is something which the Minnesota court would be called upon to decide on motions or defenses appropriately raised by the defendants after it entertained the suit. The question has no bearing on whether the suit might have been brought there in the first instance or whether jurisdiction over parties and subject matter and proper venue could have been obtained in that district had plaintiff sued there in the first instance.

█ Here the derivative and representative action which plaintiff brought in this district sounds under the Investment Company Act of 1940 and also includes a diversity claim based on common law. An action under the Investment Company Act against these defendants "might have been brought" in the District of Minnesota as that phrase is used in § 1404(a). The diversity claim would be pendent to the claim asserted under the Investment Company Act in the District of Minnesota as it is here.

█ I am not impressed by plaintiff's plea that the law in the Eighth Circuit may be less favorable to him than the law here because of the Brouk decision. Assuming this were so it is no reason for denying transfer for "the courts of one District or Circuit must be presumed to be as able and as well qualified to handle litigation as those in another." Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., 4 Cir., 1944, 140 F.2d 47, 49. As was said in Clayton v. Warlick, 4 Cir., 1956, 232 F.2d 699, at page 706, if there be a conflict "this presents a matter for consideration by the Supreme Court on application for certiorari, not for consideration by a district judge on application for transfer under 28 U.S.C. § 1404(a)." Indeed, certiorari has already been granted in the Brouk case and the Supreme Court will doubtless determine whether or not the decision of the Court of Appeals for the Eighth Circuit is correct. If the effect of the Brouk case is as plaintiff claims it to be an affirmance would bar his claim against Kirby and Purcell as effectively in this district as anywhere else. If there should be a reversal or modification any effects of Brouk which plaintiff might consider unfavorable will be removed or ameliorated. In either event the decision of the Supreme Court will be controlling on the question in all circuits and plaintiff can suffer no prejudice.

The defendants Mutual and Diversified having shown that the cause should be transferred to the District of Minnesota for the convenience of parties and witnesses in the interests of justice, and that the action might have been brought in that district, their motion for transfer under § 1404(a) will be granted.

This makes it unnecessary to decide the motion of defendant Mutual under 28 U.S.C. § 1406 for dismissal or in the alternative for transfer to the District of Minnesota on the ground that venue as to it is improperly laid in this district. That motion is denied as moot.

Settle order on notice.