**Milton GLICKEN and Ida Glicken, Plaintiffs,**

**v.**

**Harold K. BRADFORD, Charles T. Ireland, Jr., W. Grady Clark, Allan P. Kirby, Jr., John C. Cornelius, Allan P. Kirby, Clarence R. Drake, Clarence W. Meadows, William E. Eppler, John N. Peyton, Randall F. Fullmer, Robert W. Purcell, Eugene B. Hanson, Robert C. Reed, Clint W. Murchison, Jr., and John D. Murchison, individually and as partners doing business under the firm name and style of Murchison Brothers, Alleghany Corporation, Investors Diversified Services, Inc., and Investors Stock Fund, Inc., Defendants.**

United States District Court
S. D. New York.

April 17, 1962.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendant William E. Eppler.

White & Case, New York City, for defendant Robert W. Purcell.

Watters & Donovan, New York City, for defendant Alleghany Corp.; Edward V. Gross, New York City, of counsel.

Debevoise, Plimpton & McLean, New York City, for defendant Investors Diversified Services, Inc.; Samuel E. Gates, Samuel R. Feller, Leo H. Hirsch, Jr., and Robert J. Geniesse, New York City, of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant Investors Stock Fund, Inc., Taggart Whipple, Philip C. Potter, Jr., and Roland W. Donnem, New York City, of counsel.

METZNER, District Judge.

Defendants Alleghany Corporation, Investors Diversified Services, Inc. and Investors Stock Fund, Inc. seek relief on this motion based on various grounds. First, that the action be transferred to the District Court of Minnesota for the convenience of witnesses and the parties (28 U.S.C. § 1404(a)), or, in the alternative, that the action be dismissed under the doctrine of forum non conveniens. Second, that service on Investors Stock Fund, Inc. be quashed. Third, that if such service is quashed the action be dismissed against Alleghany Corporation and Investors Diversified Services, Inc. for failure to join an indispensable party (Fed.R.Civ.P. 12(b) (7)), 28 U.S.C.

This is a stockholders' derivative suit and jurisdiction is based on diversity of citizenship. The plaintiffs, residents of California, are stockholders of Investors Stock Fund, Inc. (hereinafter referred to as "Stock Fund"). Stock Fund is a mutual fund company registered under the Investment Company Act of 1940,

15 U.S.C.A. § 80a–1 et seq. It is a Nevada corporation with its principal place of business in Minneapolis.

The complaint seeks recovery of the allegedly excessive compensation paid by Stock Fund to Investors Diversified Services, Inc. (hereinafter referred to as "IDS"). IDS is a Minnesota corporation licensed to do business in New York, but conducts its principal activities in Minnesota. It is engaged in furnishing investment advice on a fee basis to its clients, one of which is Stock Fund. There is a second contract whereby Stock Fund pays IDS a commission for distributing its shares.

It is alleged that Alleghany Corporation (hereinafter referred to as "Alleghany") controlled IDS from 1949 until April 1955 and from April 1960 to date. Alleghany is a Maryland corporation having its principal place of business in New York. The individual defendants are alleged to be, or to have been, directors of Stock Fund. Two of these, Allan P. Kirby and Allan P. Kirby, Jr., reside in New Jersey and are alleged to have controlled Alleghany. Two of the other individual defendants, Clint W. Murchison, Jr. and John D. Murchison, are alleged to have controlled IDS for the period 1955 to 1960 and are residents of Texas. Of the remaining individual defendants, six are residents of Minnesota, one is a resident of New Jersey, two are residents of New York, one is a resident of Ohio, and one is a resident of Illinois.

IDS, Stock Fund, Alleghany, William E. Eppler (a resident of New Jersey), and Robert W. Purcell (a resident of New York) are the only defendants who have been served in the action to date. Stock Fund has been served with process in Minnesota pursuant to 28 U.S.C. § 1695, which permits service in any district where the corporation, on behalf of which the action is brought, is doing business. Neither Eppler, Purcell nor Alleghany is subject to process in Minnesota. However, the consents of Eppler, Purcell and Alleghany to be sued in Minnesota have been submitted to the court on this motion.

The defendants have produced voluminous affidavits to substantiate their position that the transfer is warranted because of the convenience of witnesses and the parties. They also argue that a number of named defendants who have not been served in this action could be served in Minnesota, and therefore a greater number of parties would be present if the action had been instituted in that state. This might be true as to some of the directors of Stock Fund, but it is not necessarily true that the Kirbys and the Murchisons who allegedly control, or had control of, Alleghany and IDS could be served in Minnesota.

The first question to be resolved is whether the court has the power to transfer the action to Minnesota. Section 1404(a) reads as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), the Court stated, in clear and unequivocal terms, that the rule to be applied is whether the transferee district is one in which the action "might have been brought" by the plaintiff. The Court said, quoting with approval the language used in Blaski v. Hoffman, 260 F.2d 317, 321 (7th Cir. 1958) and Behimer v. Sullivan, 261 F.2d 467, 469 (7th Cir. 1958):

" 'If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district "where [the action] might have been brought." If he does not have that right, independently of the wishes of defendant, it is not a district "where it might have been brought," and it is immaterial that the defendant subsequently [makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum].' " 363 U.S. at 344, 80 S.Ct. at 1090.

We have here multiparty litigation, and it appears that plaintiffs could not obtain jurisdiction and proper venue in one district as to all named defendants. Consequently, they chose that forum where they could serve process on those defendants whom they consider most advantageous and important to the proof and recovery on the asserted claims. The motion to transfer is made against this background, and the question is whether, at the time the suit was commenced, the plaintiffs could have brought the suit in Minnesota against the defendants served here in New York. Cf. Ackert v. Ausman, 198 F.Supp. 538, 543 (S.D.N.Y. 1961); Schoen v. Mountain Producers Corp., 170 F.2d 707, 710 (3d Cir. 1948). The answer is no because jurisdiction over Alleghany, Purcell and Eppler did not exist independently of the wishes of those defendants.

Movants urge that Hoffman v. Blaski, supra, has been held inapplicable when suit could have been instituted in the transferee district against one of several defendants and the remaining defendants consent to the transfer. They rely on Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), decided by the Supreme Court two weeks after Hoffman v. Blaski. The two cases are clearly distinguishable, and the Court pointed out in Continental Grain that to deny the transfer there would violate its decision in Blaski.[1] In Continental Grain the Court disregarded the fiction that a vessel is a separate person apart from its owner, and although both were named as defendants the Court granted transfer because there was only one party defendant in a single civil action. The Court said:

"We are asked here, however, to transplant this ancient salt-water admiralty fiction into the dry-land context of *forum non conveniens,* where its usefulness and possibilities

for good are questionable at best. In fact, the fiction appears to have no relevance whatever in a District Court's determination of where a case can most conveniently be tried. A fiction born to provide convenient forums should not be transferred into a weapon to defeat that very purpose." 364 U.S. at 23, 80 S.Ct. at 1473.

The defendants seek to avoid the effect of the Blaski rule by attempting to distinguish the facts of that case from those present here. In Blaski it was stipulated that the action was properly brought in the transferor district, and neither jurisdiction over the defendants nor proper venue existed in the transferee district. Defendants argue that while this action was properly brought in the transferor district (New York) statutory venue does exist in the transferee district (Minnesota), although they admit that defendants served in the transferor district were not within the reach of process in the transferee district at the time the action was commenced. Defendants contend that if either proper venue or jurisdiction over the defendants exists in the transferee district the Blaski rule is inapplicable. I fail to see how proper venue as to the defendants served existed in Minnesota at the time the suit was commenced, but assuming that it did I disagree with the contention that Blaski is inapplicable. I am of the opinion that the reach of Blaski clearly applies if either venue or jurisdiction over the person of the defendant is lacking at the time of the institution of the lawsuit.

In Ackert v. Ausman, supra, a resident of Missouri brought a stockholders' derivative suit on behalf of Investors Mutual, Inc. against IDS, Investors, Mutual, Inc. and thirteen individual defendants, including Robert W. Purcell and Allan P. Kirby, Jr. Both Purcell and Kirby were served with process. Jurisdiction was

---

1. In Farnsworth & Chambers Co. v. Phinney, 297 F.2d 681 (5th Cir. 1962), the court said:

   "We think that the Supreme Court, in holding that a removal was warranted in the Continental Grain case did not mean to change the general rule announced two weeks previously in the Blaski case, supra." 297 F.2d at 684.

alleged to exist under the Investment Company Act of 1940 and because of diversity of citizenship. The court held that the motion for transfer pursuant to section 1404(a) be granted on the authority of Hoffman v. Blaski, supra, because the action originally could have been brought in Minnesota under the provisions of section 44 of the Investment Company Act (15 U.S.C.A. § 80a–43). However, the court pointed out that

> "if this action were in the federal court solely by reason of diversity plaintiff could not have brought this suit in Minnesota against either Kirby or Purcell. The Minnesota district court could not have acquired jurisdiction in such an action over these defendants, resident in New York and New Jersey, nor would venue have been proper as to them." 198 F.Supp. at 543.

The Court of Appeals denied a petition for mandamus (Ackert v. Bryan, 299 F.2d 65 (2d Cir. 1962)). The majority opinion made no reference to the claim of diversity jurisdiction. However, Judge Friendly, in his dissent, indicated that if jurisdiction was grounded solely on diversity the transfer would not have been proper. He reiterated this view in the opinion denying an application for rehearing (299 F.2d at 73).

In the instant case jurisdiction is predicated solely on diversity. The consents of Alleghany, Eppler and Purcell to the transfer are nugatory for the purposes of effecting transfer, and consequently the court is without power to order transfer pursuant to section 1404(a) as construed by Blaski.

The motion to transfer having been denied, the defendants seek alternative relief by way of a dismissal of the action on the doctrine of forum non conveniens. This is a harsh rule and is applied in rather rare cases, since if the court invokes the doctrine it would have to dismiss the action. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L. Ed. 1055 (1947). Section 1404(a) of 28 U.S.C. appears to have been adopted for the purpose of codifying and revising the doctrine. The Reviser's Note to 28 U.S.C. § 1404(a); 1 Moore, Federal Practice ¶ 0.204, at 2205 (2d ed. 1960); Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949); Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L. Ed. 789 (1955), and Hoffman v. Blaski, supra, 363 U.S. at 342, 80 S.Ct. 1084, indicate that the doctrine has been superseded by section 1404(a). None of the cases is explicit on this point, and Moore says:

> "It can be argued, and rather persuasively, that the doctrine of forum non conveniens is no longer a part of federal jurisprudence and that § 1404(a) now stands in its stead." 1 Moore, op. cit. supra, ¶ 0.317 [2], at 3533.

However, despite the statutory embodiment of the rule, there are cases where the court may still properly apply the doctrine; for example, where the action should have been brought outside of the United States, Vanity Fair Mills v. T. Eaton Co., 234 F.2d 633 (2d Cir. 1956); 1 Moore, op. cit. supra, ¶ 0.204, at 2205, or where transfer could be effected only to a state court and not to a district court, so that section 1404(a) could not possibly be applicable. Gross v. Owen, 95 U.S.App.D.C. 222, 221 F.2d 94 (1955). Neither of these exceptions is present in the instant case.

Defendants argue for a third basis for applying the doctrine, that is, where there is no available forum for transfer under section 1404(a), but there is a more convenient forum where the action may be properly brought and complete relief granted. Le Clair v. Shell Oil Co., 183 F.Supp. 255 (S.D.Ill.1960). In the Le Clair case the court specifically found that the action before it was admittedly brought by the plaintiff for the purpose of harassment. It relied on the language in Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at 507, 67 S.Ct. at 842:

> " 'The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdic-

tion even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to pursue his remedy. But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.'" 183 F.Supp. at 263.

We do not have present here the factual situation of Le Clair. Venue has been properly laid in this district. Venue could have been laid against other defendants in the District of Minnesota. However, the choice of venue did not rest on harassment.

Defendants urge that jurisdiction of all parties and complete relief could be obtained in the state court of Minnesota. This is not a certainty, and the doctrine of forum non conveniens cannot come into operation on such facts to cause a dismissal of the action and relegate plaintiffs to the possibility of relief there as against their present status in this court. This prayer for alternative relief by the defendants is denied.

■ Defendants urge that service was not properly made upon Stock Fund and since Stock Fund is an indispensable party the action must be dismissed against all defendants. Greenberg v. Giannini, 140 F.2d 550, 554, 152 A.L.R. 966 (2d Cir. 1944). As noted above, Stock Fund is a Nevada corporation with its principal place of business in Minnesota. It does not conduct any business in New York which would make it amenable to service here. Service was effected pursuant to 28 U.S.C. § 1695, which provides:

"Process in a stockholder's action in behalf of his corporation may be served upon such corporation in any

district where it is organized or licensed to do business or is doing business."

The section is clear and unequivocal on its face, but defendants argue that its history requires that it be read to apply only in cases in which venue is proper because of 28 U.S.C. § 1401, and that venue is not proper under section 1401 in this case.

In 1936 section 51 of the Judicial Code (28 U.S.C. § 112) was amended. That section contained a general venue provision for diversity cases, and the amendment added the following language:

"* * * except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process *in such cases* may be served upon such corporation in any district wherein such corporation resides or may be found." (Emphasis supplied.)

In the revision of the Judicial Code in 1948, the above-quoted amendment was split up, with the venue aspects being placed in section 1401 of 28 U.S.C. and the process provisions being placed in section 1695 of 28 U.S.C. The words "in such cases", found in the 1936 amendment, were dropped. It is urged that the new sections must be read together because there was no change in the substance of the language. Steinberg v. Hardy, 90 F.Supp. 171 (D.Conn.1950); 3 Moore, Federal Practice ¶ 23.21, at 3543 (2d ed. 1948); Multiparty Litigation in the Federal Courts, 71 Harv.L. Rev. 874, 963 (1958). However, the case of Schoen v. Mountain Producers Corp., supra, indicates in footnote 9, 170 F.2d at 712, that section 1695 appears to apply to all stockholders' derivative suits and not merely to those which formerly could have been brought pursuant to the venue provisions of section 112, which had been the interpretation placed upon section 112 in Greenberg v. Giannini, supra, decided in 1944. In Lavin v. Lavin, 182 F.

2d 870, 873, 18 A.L.R.2d 1017 (2d Cir. 1950), the court specifically left open the question whether the relegation of the process provisions to section 1695 overruled the Greenberg case.

It is not necessary for me to resolve this question, since under my interpretation of the venue provision of the 1936 amendment, which is now found in section 1401, venue is proper under that section in this case. The purpose of the amendment was to insure a minority stockholder an additional forum in which he could sue the injured corporation and the wrongdoers. Greenberg v. Giannini, supra, 140 F.2d at 552. It was simply a venue statute. Greenberg v. Giannini, supra at 553; Schoen v. Mountain Producers Corp., supra, 170 F.2d at 712; King v. Wall & Beaver Street Corp., 79 U.S.App.D.C. 234, 145 F.2d 377, 380 (1944); 3 Moore, op. cit. supra at 3535.

While the Schoen case speaks of the 1936 amendment as relating to venue, it actually interpreted the provision as being jurisdictional when applying it to the facts in that case. In determining whether the District Court of Delaware was a jurisdiction in which the corporation could have brought the action, it found that when the corporation was aligned as a party plaintiff instead of as a party defendant in the original action, diversity was lacking between the corporation and the remaining defendants. Therefore, although there was diversity between the plaintiff and the defendants who had been served, the court dismissed the suit because of lack of diversity between the injured corporation and the remaining defendants. This is known as the "double diversity" requirement.

There are five decisions in this district in which the court has refused to consider jurisdictional implications in the words "might have been brought" as used in old section 112 or new section 1401, and has refused to follow the double diversity requirement of the Schoen case. Saltzman v. Birrell, D.C., 78 F.Supp. 778, 783–84 (1948) (Rifkind, J.); Citrin v. Greater New York Industries, D.C., 79 F.Supp. 692, 695 (1948) (Ryan, J.); Montro Corp. v. Prindle, D.C., 105 F.Supp. 460, 461–65 (1952) (Murphy, J.); Clay v. Thomas, D.C., 185 F.Supp. 809, 811 (1960) (Palmieri, J.); Industrial Waxes, Inc. v. International Rys. of Cent. America, D.C., 193 F.Supp. 783, 786–88 (1961) (Weinfeld, J.). The Court of Appeals for this circuit in Lavin v. Lavin, supra, 182 F.2d at 873, specifically left open this question as to the propriety of the double diversity requirement. The court is mindful that Judge Friendly in his dissent in Ackert v. Bryan, supra, indicated that the words "where it might have been brought" in section 1404(a) embrace jurisdiction of the subject matter as well as jurisdiction of the defendants, and venue. While he was not relating to the question presented here, both sections 1404(a) and 1401 appear in the chapter containing venue requirements, and the court may well conclude that the same words should be uniformly interpreted. However, in view of the decision in Lavin and the well-expressed views of my colleagues in which I concur, I will not impose a double diversity requirement.

Looking at section 1401 as referring only to venue requirements, it is clear that venue in this district would have been proper in a suit by Stock Fund against IDS, Alleghany and Purcell.[2] Therefore, venue is proper in an action brought by a stockholder in this district against these defendants, and service may be effected on Stock Fund even under a limited reading of section 1695. Therefore, the motion to quash service is denied.

So ordered.

2. Venue is improper as to Eppler, but he has not sought relief on this ground.