**NORTE & CO., Plaintiff,**

**v.**

**R. L. HUFFINES, Jr., Victor Muscat, L. F. Serrick, Alfred O'Gara, Edward Krock and Defiance Industries, Inc., Defendants.**

United States District Court
S. D. New York.
Dec. 28, 1962.

On Motion to Resettle Order,
April 1, 1963.

Milton Paulson, New York City, for plaintiff.

Frederick P. Glick, New York City, appearing specially for defendant Defiance Industries, Inc.

PALMIERI, District Judge.

This is a motion to quash return of extraterritorial service made on an out-of-state corporation. The action itself is a shareholder's derivative suit brought against the officers and directors of Defiance Industries, Inc. for alleged waste and misappropriation of assets through a self-dealing transaction. The five individual defendants reside in Connecticut, Ohio, Illinois, Massachusetts, and apparently South Carolina. Defiance is organized under the laws of Ohio and is also licensed to do business in Indiana and Alabama. It does no business in New York.

Defiance has based its motion on the contention that 28 U.S.C. § 1695 [1] is not available to effect extraterritorial service upon the corporation unless the requirements of 28 U.S.C. § 1401 are first satisfied. This last section provides that:

> "Any civil action by a stockholder on behalf of his corporation may be prosecuted in any judicial district where the corporation might have sued the same defendants."

Admittedly, Defiance could not have sued in this district. Since the defendants reside in several different states, under 28 U.S.C. § 1391(a) venue in this district can only be proper if all plaintiffs reside here. Defiance, however, transacts no business here, cannot be regarded as a New York resident, 28 U.S.C. § 1391 (c), and hence could not be a party-plaintiff without defeating satisfaction of the venue requirements.

■■ The failure to effectuate compliance with 28 U.S.C. § 1401 invalidates the extraterritorial service on the corporation. Not long ago this Court considered this very question in Clay v. Thomas, 185 F.Supp. 809 (S.D.N.Y.

---

1. "Process in a stockholder's action in behalf of his corporation may be served upon such corporation in any district where it is organized or licensed to do business or is doing business."

1960). With all but one of the applicable authorities now cited by plaintiff before it,[2] this Court examined the various contentions and decided adversely to the position plaintiff now urges. The Court sees no reason to depart from its earlier views. By way of additional authority, Professor Moore may here be aptly quoted:

> "There can be little doubt that §§ 1401 and 1695 are related and together carry forward the substance of the 1936 amendment, and that they do not detract from the venue provisions of § 1391, * * * Assume a shareholder's action based solely on diversity. Plaintiff may still lay the venue in *his* District under § 1391. but since in that event he is not aided by § 1695 in serving process upon the corporate defendant, his action will fail for want of an indispensable party (the corporation) unless service upon it can be made within the state."[3]

In an effort to obviate the necessity of commencing a wholly new action, plaintiff has requested the Court, if it sees merit to defendant's position on the motion to quash service, to transfer this action to Connecticut. The present papers, however, do not sufficiently explore the transfer question for this Court to make a proper determination with respect to it. Accordingly, decision on the question of transfer is reserved, with the parties to submit further appropriate papers within twenty days of the filing of this decision. The motion of Defiance Industries, Inc. to quash service of summons upon it is granted.

So ordered.

### On Motion to Resettle Order.

 The motion to resettle the order is denied. Considerations of timeliness aside, this plainly is not a proper case for the certification of an interlocutory

appeal. Gottesman **v.** General Motors Corp., 268 F.2d 194 (2d Cir., 1959).

Moreover, the docket of this case indicates that plaintiff has already filed its notice of appeal from the decision of this Court granting the motion to quash service on the corporation, and has also filed the record on appeal. These facts raise serious questions with respect to the jurisdiction of this Court to take any further action in this matter. United States v. Grabina, 309 F.2d 783 (2d Cir., 1962).

It is so ordered.

---

2. That authority is Glicken v. Bradford, 204 F.Supp. 300 (S.D.N.Y.1962). There, however, Judge Metzner merely summarized the respective positions, stating that it was not necessary for him to make a determination on this issue.

3. 3 Moore, Federal Practice ¶ 23.21, at 3542–44 (2d ed. 1948).