Gilbert **JORDAN**, Plaintiff,

v.

**UNITED STATES LINES, INC.,**
**Defendant.**

**No. 68 Civ. 2844.**

United States District Court
S. D. New York.

Oct. 24, 1968.

Semel & Patrusky, New York City, for plaintiff; Martin M. Baxter, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant; Robert C. Mirone, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

Defendant moves for an order, pursuant to 28 U.S.C. § 1404(a) (1964) transferring this action to the United States District Court for the District of the Canal Zone.

Plaintiff, a citizen and resident of the Republic of Panama, is an employee of the Panama Canal Company. On September 28, 1967, plaintiff was aboard defendant's vessel S.S. PIONEER TIDE, which was then traversing the Panama Canal. While on board, he was injured by a line, the ownership and control of which are sharply disputed. He was apparently treated in a Canal Zone hospital or hospitals. The complaint, charging negligence and unseaworthiness, claims that plaintiff suffered internal and external injuries and that he is still unable to return to his employment.

Plaintiff, in opposing the motion, argues that the Court need not reach the question of convenience for the reason that the Canal Zone is an improper transferee district because there has been no clear showing that it is a district where the action "might have been brought." 28 U.S.C. § 1404(a) (1964).

In Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), the Supreme Court held that an action may not be transferred to a district where, at the time suit was brought, that district could not have entertained the action because of a lack of venue. It is now clear that the transferee district must be one where both venue was proper and defendant was amenable to service of process. See, e. g., Cessna Aircraft Co. v. Brown, 348 F.2d 689 (10th Cir. 1965); Glazer v. Colonial Village Corp., 232 F.Supp. 892 (E.D. Tenn.1964); Glicken v. Bradford, 204 F.Supp. 300 (S.D.N.Y.1962). On the basis of the record before the Court, the Court concludes that the District of the Canal Zone is a district "where the action might have been brought."

Plaintiff has not contended that venue in the District of the Canal Zone would be improper. Indeed, since defendant is a corporation which is "doing business" within such judicial district, it would appear that venue can be properly laid in the District of the Canal Zone, whether the action is predicated on diversity of citizenship or federal question jurisdiction. See 28 U.S.C. § 1391(c) (1964); Pure Oil Co. v. Suarez, 384 U. S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966).

Moreover, the District of the Canal Zone is a district where defendant was and is amenable to service of process. Defendant is presently licensed to do business within the Canal Zone and was so licensed during the year 1967. As required by C.Z.Code, tit. 2, § 872(a) (4) (1963), designation of agents to receive process was made; and thus at all times since the date of the injury, defendant could have been served in the Canal Zone. Section 872(b) also permits service upon the executive secre-

tary of the Canal Zone Government if the designated agent cannot be found. Since defendant was, at all relevant times, amenable to service of process, and venue is proper in the District of the Canal Zone, this Court concludes that the transferee district is a district where the action "might have been brought."

■ The Court now considers the question of the balance of convenience. Unless defendant makes a "clear-cut showing that when all the interests are considered, trial would more conveniently proceed and the interests of justice would be better served in the other district," Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S.D.N.Y.1958), plaintiff's original choice of forum should not be disturbed. E. g., Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The Court finds that defendant has sustained its burden of demonstrating that the District of the Canal Zone is the more appropriate district for the trial of this lawsuit.

■ It is undisputed that the alleged accident occurred within the Canal Zone; that plaintiff resides and works in the Canal Zone; and that plaintiff was treated in the Canal Zone. Apparently, the only contact with the Southern District of New York consists of the location here of defendant's claims office and general headquarters.

Plaintiff claims that he was injured by a line owned and controlled by defendant while he was on board the S.S. PIONEER TIDE. He will undoubtedly rely primarily on his own testimony and will use, as corroborating witnesses, other Panama Canal Company employees, who reside and work in or near the Canal Zone. There is a possibility that plaintiff will call witnesses who are employees of defendant and who are aboard the S.S. PIONEER TIDE. However, the affidavit of one of defendant's officers states that this vessel calls frequently at ports in the Canal Zone area.

Defendant claims that the putative line was owned and controlled by the Panama Canal Company. To prove this fact defendant may call employees of the Panama Canal Company, who reside and work in the Canal Zone area.

Defendant apparently also challenges the extent of plaintiff's injuries and the opinions concerning his future employability. Understandably, defendant will probably desire to cross-examine vigorously plaintiff's physician(s) and possible experts.

In attempting to minimize the significance of witness convenience that would be effected by transfer, plaintiff advances the argument that testimony in cases such as this is usually presented by deposition and that hospital records are readily subpoenaed. In this case, however, the principal witnesses probably will not be seamen who are at sea and whose depositions would be admissible. Plaintiff and his co-workers will be available to give viva voce testimony. Furthermore, inasmuch as defendant's employees aboard the S.S. PIONEER TIDE are frequently in the Canal Zone area, they too are likely to be live witnesses if the trial is held in the District of the Canal Zone.

Nor should defendant be deprived of the opportunity to have the live direct and cross-examination of plaintiff's physician(s) and the opportunity to present to the jury (which plaintiff has demanded) its own experts drawn from the same general area as plaintiff's physician(s) and other key witnesses who reside in or near the Canal Zone. A trial in the Canal Zone would achieve the foregoing objective whereas a trial in New York would probably preclude such testimony and the concomitant advantages.

In addition, defendant also claims that discovery and inspection would be materially handicapped should the case remain in the Southern District of New York and that its contemplated interpleader of the Panama Canal Company would be prevented or at least preju-

diced. The Court has not considered these latter issues because it finds and concludes that the convenience of the witnesses alone requires granting of this motion.

The motion to transfer to the District of the Canal Zone is granted. So ordered.